No. 29.—JOHN JONES *et. al.* plaintiffs in error, *vs.* JOEL CRAW-- FORD and another, executors, &c. and others, defendants in error.

[1.] A writ of error will not lie to a first verdict or decree, where an appeal has been taken which is still pending.

Writ of error from Muscogee.    Motion to dismiss.

It appeared that Polly W. Jenkins died testate.    Samuel Boykin and Joel Crawford qualified as her executors.    John Jones and others filed a bill against the executors, claiming a portion of the estate.    The executors filed a bill enjoining the Jones bill, and making the other heirs, the Wrights, par-- ties.    Afterwards, the Wrights filed a bill against the execu- tors and the Jones', claiming the same property.    The exe-- cutors afterwards (the Wrights' and Jones' bills being both on the appeal,) filed a supplemental bill, reviving the former, and enjoining both the other bills, and praying for an inter- pleading.    At the last term of Muscogee Superior Court, when the Jones' bill was reached on the appeal docket, the Court decided that, having reached a branch of the case, he would take up the whole litigation, and proceeded to submit *all the three cases* to a Jury.    A decree was rendered on the bill of interpleader, filed by the executors of Mrs. Jenkins. From this decree the Jones' appealed; at the same time, they sued out a writ of error as to the decision above stated, and other decisions during the trial.    A motion was made to dismiss be-- cause of the pendency of the appeal.

Judge BENNING did not preside in this case.

B. HILL and H. HOLT, for the motion.

S. JONES, contra.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] A motion is made to dismiss the writ of error in this case upon two grounds. 1st. Because all the parties to the proceeding in the Court below, are not made parties to the pleadings in this Court; and 2d. Because an appeal has been duly entered from the decree in the Circuit Court, wherein the errors complained of were committed, which appeal is still pending.

The defect, as to parties, might be cured by amendment; the other exception is fatal.

It seems there were three suits pending on the equity side of the Court; two at the instance of the legatees of Mrs. Polly W. Jenkins, deceased, against the executors; and one by the executors against the complainants, in the other two bills. This last was in the nature of a bill of interpleader; it enjoined the other two. When the first legatee bill was reached, that of the Jones' against the executors, and which was on the appeal and enjoined by the executor's bill, the Court permitted and directed the whole litigation to be gone into, and all three of the cases to be tried together as one; and this is alleged as error, as well as the various rulings of the Court, made during the progress of the trial.

And, we think, the more regular course would have been for the case first reached to have been passed over as enjoined, until the bill of interpleader was called up; still, the other method was pursued; a verdict was rendered and a decree awarded upon the whole litigation made by the three bills; and from that verdict and decree, an appeal has been duly entered, which carries up the whole litigation, of course; and inasmuch as the Court will have an opportunity to review and correct its own errors upon the appeal, provided any have been committed, we must, in conformity with the past practice of this Court, dismiss this writ of error, as having been prematurely brought.