No. 73.—SIMEON SMITH, et. al., plaintiffs in error, *vs.* MARK A. COOPER, executor, and NARCISSA BOYKIN, executrix, of DR. SAMUEL BOYKIN deceased, defendants in error.

[1.] Where there are three parties to a case, and the rights and liabilities of each are dependant upon a proper adjustment of the whole litigation, an appeal from a general decree in the case takes up the entire litigation and all the parties to it.

[2.] Where an order has been taken already by the complainants' solicitor setting down the cause for trial at the next term, which is unexcepted to, it is too late for the defendants' solicitor to move to dissolve an injunction previously granted, on account of the failure of the complainants to speed their cause.

[3.] It is usual to take the statements of counsel made in their place as to the ser-

vice of amendments, notices, interrogatories &c.; still it is the right of the opposite party to require the fact to be verified, if he see fit to do so.

In Equity, from Muscogee Superior Court. Decision by Judge WORRILL, November Term, 1856.

Motion, on behalf of Simeon Smith and the Wrights, to dissolve the injunction in this cause on the following grounds, to-wit:

1st. Because said Smith and the Wrights, did not appeal from the verdict and decree in this case, and that the litigation is ended as to them.

2d. On the ground that said complainants have failed and neglected to prosecute their cause with due diligence.

3d. Because said case was continued at this term of the Court by complainants.

After argument, the Court refused to dissolve the injunction, and overruled said motion, and counsel for Smith and the Wrights, excepted.

It was stated by B. Hill, Esq., attorney for complainants, in response to said motion, that previous to the May Term of this Court, he had filed an amendment to said bill, which was served; that said amendment was lost. That about twenty days before this term of the Court, he had re-filed said amendment and served the same on defendants, and that said amendment has not been answered. To which statement being made, counsel for defendants Smith and the Wrights objected. The Court received the statement; and counsel excepted.

It is agreed that there is in this case an order of Muscogee Superior Court passed January 26th, 1856, (said Court being then in session,) allowing said bill to be amended. Also an order of said Court passed November Term, 1856, establishing said copy amendment, in lieu of the original amendment filed 26th January, 1856; no service of said amendment was shown to have been made prior to September or

October, 1856. Also an order of said Court passed at November Term, 1856, ordering defendants to answer said bill as amended, and on terms therein stated, setting down said cause for trial at the May Term, 1857, of said Court; and that this agreement be a substitute for the record not exemplified.

JOHNSON, *for Plaintiff in Error.*
B. HILL, *Complainant's Solicitor.*

JAMES JOHNSON, for plaintiff in error.

HOLT; and B. HILL, for defendants in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

It is wholly useless to recite the facts of this case for the purposes of this decision. They would fill a volume.

[1.] In form there are three parties to the litigation, namely: the representatives of Dr. Boykin, who, together with Major Crawford, was the executor of Mrs. Polly W. Jenkins; the children of Mrs. Jones; and the children of Mrs. Wright, who were the daughters of Mrs. Jenkins, and legatees under her will. In point of fact, however, the real controversy is between these two families. Three bills are pending in the Court, one at the instance of the Jones against the executors; one at the instance of the executors against the Jones and Wrights; and one at the instance of the Wrights against the executors and the Jones. A trial was had on all the cases, the whole being submitted together, and a decree rendered, determining the liability of the executors as stake holders, to each branch of the family, and consequently fixing their respective rights as between themselves. The executors were satisfied with the decree, as well as the Wrights, but an appeal was entered by the Jones, who prosecuted also a writ of error to this Court for the correction of the errors alleged to have been committed on the trial of the tri-party cause. Upon

motion, this writ of error was dismissed upon the ground that the appeal by the Jones carried up the whole litigation, and that therefore the writ of error had been prematurely brought.    18 *Ga. Rep.* 281.

We see no reason to change that opinion, and consequently overrule the first ground taken in the present bill of exceptions; and that is, that the Wrights not having appealed, the case is ended as to them.

[2.] The second and third assignments of error may be considered together.   By the decree both the Wrights and the Jones were perpetually enjoined from the further prosecution of their several bills.   A motion was made in the Court below by the solicitor of the Wrights, to dissolve this injunction on the ground that the executors had failed to speed their cause, and that they had continued the same at the last November Term of Muscogee Superior Court.   The last assumption is not warranted by the record.   On the contrary, it does appear by the written agreement of the counsel of the respective parties, which accompanies the bill of exceptions, that, before the motion was made to dissolve the injunction, Mr. Hill, the solicitor for Dr. Boykin's representatives, had caused an order to be passed, requiring the defendants to answer their bill as amended, upon the terms stated in the rule, and setting down their bill for trial at the next May Term of the Court.   In other words, at their instance an order had already been passed to speed the cause, and no exception taken to it.   In the face of this order, the opposite counsel comes too late with his motion to dissolve the injunction, because the case is not prosecuted with due diligence.

[3.] As to the statement made by Mr. Hill, the solicitor of the executors, we hardly know what point is intended to be made on it.   The argument is, that it should have been sworn to.   But no such objection appears in the record. It is usual to take the statement of counsel in their place as to the service of amendments, interrogatories, notices &c.   It

is undoubtedly the right of the opposite party to require them to be verified if they see fit. The Court, however, pronounced no judgment, neither do we; but merely express this informal opinion as to the proper practice to be pursued in such cases.

Judgment affirmed.