JANE McFARLIN, plaintiff in error, *vs.* R. M. STINSON *et al.*, administrators *de bonis non*, defendants in error.

An executor cannot bind the estate of his testator by the execution of a note signed by him " as executor." The assets of such estate are only bound for the debts contracted by the testator during life.

Administrators and executors. Contracts. Before Judge BUCHANAN. Troup Superior Court. November Term, 1875.

Reported in the decision.

SPEER & SPEER, for plaintiff in error.

B. H. BIGHAM; T. H. WHITAKER, for defendants.

WARNER, Chief Justice.

This was an action brought by the plaintiff against R. S. McFarlin, administrator of John W. Stinson, and W. A. Shackelford, R. M. Stinson, and Neal Wilkinson, administrators *de bonis non* of John Stinson, deceased, and A. L. Stinson, (the plaintiff alleging that N. L. Stinson was dead and no representation on her estate,) on the following described promissory note:

"By the first day of January next, we or either of us promise to pay R. S. McFarlin or bearer, $720 00, for value received, and if not punctually paid, to bear interest at rate of twenty per cent. per annum after maturity, said interest to be paid annually, or considered and counted as principal.

"Witness our hands and seals, this 4th day of January, 1874.

[Signed]                                "JOHN STINSON,
                                          "N. L. STINSON,
                                          "A. L. STINSON,
                                          "JOHN W. STINSON,
                  "Executor of estate of John Stinson, deceased."

On the trial of the case, the plaintiff offered and read the note in evidence, and also a copy of the last will and testament of John Stinson, deceased, in which he directed that his wife should keep the Phillips place, where she then lived, as long as she did live, and for her to have everything there that was necessary for her and the children to be comfortable and pleasant. The testator appointed his son, John W. Stinson, his executor, with power to sell any part of the estate when he might think it best for his wife and children. McFarlin, sworn as a witness for plaintiff, stated that when the money was loaned for which the note was given, John W. Stinson stated that it was for the use of the estate; that they had or were putting up a water gin on the place, and that it had cost, or was costing, them a good deal of money. When the testimony for the plaintiff was closed, the defendants' counsel made a motion for a nonsuit as to the administrators *de bonis non* on the estate of John Stinson, deceased. The court sustained the motion and the plaintiff excepted.

The only question in the case, therefore, is, whether John W. Stinson, as the executor of John Stinson, deceased, could bind the estate of his testator by the execution of the note sued on, so as to make the assets thereof liable for its payment? It is undoubtedly true, that the assets of the estate of a deceased testator are liable for the payment of the debts and obligations, contracted by him in his lifetime, but it would be a novel and dangerous doctrine to hold that the assets of the deceased testator could be made liable for the contracts made by his executor after his death ; so dangerous to the es-

tates of deceased testators, that the law does not allow it to be done. An administrator or executor can only bind himself by *his* contracts; he cannot bind the assets of the deceased. Therefore, if he make, indorse, or accept, negotiable paper, he will be held personally liable even if he adds to his own name, the name of his office, signing a note, for example, "A as executor of B," for this will be deemed only a part of his description, or will be rejected as surplusage: 1st Parsons on Notes and Bills, 161; *Lovelace vs. Smith et al.*, 39 *Georgia Reports*, 130. The executor under the will of the testator in this case, had the power to sell any part of his estate for the purposes therein expressed, but did not have the power or legal authority, to bind the assets of his testator's estate by the execution of the note as set forth in the record. There was no error in granting the non-suit.

Let the judgment of the court below be affirmed.