JOHNSON, administrator, *vs.* PARNELL.

Since the abolition of slavery, the policy of the state seems to be, that the property of the intestate shall not be kept together from year to year and worked for the benefit of the estate. The ordinary, under ₰2504 of Irwin's Code, had no authority so to order except for the current year; hence the administrator is individually liable for loss incurred in such operations.

Administrators and executors. Before Judge GRICE. Houston Superior Court. November Adjourned Term, 1877.

Reported in the decision.

H. W. HOLTZCLAW, for plaintiff in error, cited as follows: authority of ordinary, Code of 1868, §366 ; acts 1856, p. 147 ; 45 *Ga.*, 459, 463 ; Cobb's Dig., 324, 337 ; acts 1865–66, p. 87 ; Code of 1861, §2505 ; Code of 1868, §§2505, 2506 ; of administrator, acts 1861, p. 32 ; Code 1873, §2541 ; Code of 1868, §2518 ; 55 *Ga.*, 124; Code of 1868, §§1821, 1822, 1823 ; this administrator a *quasi* guardian, acts 1872, p. 31 ; Code of 1873, §2540.

B. M. Davis; W. D. Nottingham, for defendant, cited as follows: administrator's duty as to personalty and realty, Code, §§2532, 2483, 2554, 2559.    Must settle at end of year, Code §§2532, 2530, 2548, 2545; 56 *Ga.*, 396.    Administrator's *devastavit*, 2d. Lomax on Executors, 475.    *Bona fides* no defense, 2d. Lomax, 482; 40 *Ga.*, 181; 45 *Ib.*, 108.

Warner, Chief Justice.

This was a citation of the administrator of H. V. Irby, deceased, before the ordinary for settlement, by one of the heirs-at-law of the intestate, and an appeal to the superior court.    Upon the trial of the cause on appeal it was submitted to the court without the intervention of a jury, upon the following agreed statement of facts, to-wit: " That Mrs. Sarah A. Parnell is the daughter of defendant's intestate, H. V. Irby, deceased, and that she is twenty-one years old, that defendant's said intestate died on the 29th day of January, 1869, leaving a widow and seven minor children under the age of sixteen years, and having hired hands and made all needful preparations for farming during said year on his plantation in Houston county, containing about five hundred acres of arable land; that defendant was appointed temporary administrator of said deceased in February, 1869, and in April, 1869, was duly appointed administrator; that under a proper order from the ordinary of said county, he carried on the farm on said plantation successfully for said year, supporting the widow and maintaining and educating said seven minors from the proceeds of said farm; that at the close of the year 1869, said defendant had on hand of the property of the said estate sufficient means to pay all the indebtedness of his said intestate, and all the expenses of running said farm for said year and that he did pay said indebtedness; that at the close of said year said defendant, finding that no person could be found to act as guardian for said minors (he and his attorney having made diligent efforts to secure a suitable guardian for them), the widow refusing to take dower in said lands of deceased,

said widow and seven minors, including plaintiff, desiring to continue to reside on said plantation, and finding that he, defendant, had stock and produce on hand sufficient to run said farm for another year, he made the following petition to the ordinary of said county, who passed the following order, to-wit:

" GEORGIA,  } To the ordinary of said county :
Houston County. }

The petition of Needham T. Johnson, administrator of H. V. Irby, deceased, respectfully showeth that he has carried on the farm on the land of said intestate during the present year with considerable success; that the family of said deceased consists of his widow and seven minor children, under the age of sixteen years, who have no guardian; that in his opinion it would be to the best interest of the widow and said minor children, as well as to said estate, to continue to carry on said farm and thereby support said family of said deceased with less expense than would otherwise be incurred by the sale and division of the personal property of said deceased. Whereupon your petitioner prays your honor for an order authorizing and empowering him to carry on said farm from year to year until the further order of this court.

H. W. Holtzclaw, petitioner's attorney.

" GEORGIA,  }  Ordinary's office of said county,
Houston County. }      24th day of December, 1869.

Upon hearing the above and foregoing petition of Needham T. Johnson, administrator of H. V. Irby, deceased, for leave to carry on the farm of said deceased, it is ordered that Needham T. Johnson, administrator of H. V. Irby, deceased, be and is hereby authorized and empowered to carry on the farm on the lands of said deceased from year to year, until the further order of this court.

W. T. Swift, O. H. C.

That under said order defendant carried on said farm on said plantation for the years 1870–71 and 1872, supporting said widow and maintaining and educating said minors out of the proceeds thereof, and that at the close of the year 1872 said widow and said minors removed from said plantation; that said defendant acted in all things honorably, uprightly and in the utmost good faith in carrying on said farm for said years; that a loss of $2,400.00 accrued to said estate from January 1st, 1870 to January 1st, 1873, growing out of said farming operations, which sum was paid from the sale of personal property, and of a portion of the real estate; that the said widow and six minors (one having died) were supported, maintained, and children educated during said three years out of the proceeds of said farm, and that the cost of said support, maintenance and education was at least $2,400.00 for said three years; that the returns of defendant to the ordinary show that his accounts with his said trust are balanced, if said loss of $2,400.00 is a good, legal and valid credit to him, otherwise that defendant owes to plaintiff the sum of $400.00, one-sixth of said loss, the widow being dead. It is further admitted that on the 24th day of December, 1869, the personal property of said estate would have sold for $3,000.00, that the said plantation, including the dwelling and dower, would have rented for $550.00 per annum for the years 1870–71–72, and that the dower lands were worth $200.00 per annum for rent for said years "

The court found for the plaintiff $400.00 and costs against the defendant as administrator, etc. Whereupon the defendant excepted, and says the court erred in rendering said judgment.

The question in the case is, whether it was *lawful* for the administrator to work the lands of the deceased in the manner set forth in the record for the benefit of the estate? By the 2505th section of the old Code it is provided, that whenever it is necessary the administrator, under the order of the court,

may work the lands and *slaves* of the deceased for the bene-
fit of the estate. After slavery was abolished, the 2505th
section of Irwin's Revised Code, which was adopted by the
constitution of 1868, declares that the administrator may
make contracts for labor or service with persons of color,
or with white persons, for the benefit of the estate he repre-
sents, upon such terms as he may deem best, (which is sub-
stantially the act of 1866,) and all such contracts made in
good faith shall be a charge upon, and bind the estate when-
ever the same are approved by the ordinary of the county.
By the 2504th section of Irwin's Code, an administrator may
exercise his discretion in continuing the business of his in-
testate until the expiration of the current year—that is to
say, for the current year in which he was first appointed,
and for that purpose he may make contracts as provided by
the 2505th section. Since the abolition of slavery, the pol-
icy of the state, as declared in the Code, seems to be that
the property of intestates shall not be kept together by ad-
ministrators from year to year, and worked for the benefit
of the estate, but that the same shall be duly administered
and turned over to the guardians of the minors, if there be
any, who may have the plantations of their wards worked
by hired labor for the benefit of their wards. See Irwin's
Revised Code, §§1821, 1822 and 1823. The case now before
us must be contr lled by the law as found in Irwin's Revised
Code of 1865; and in view of the law as found therein,
there was no error in the judgment of the court on the state-
ment of facts contained in the record.

Let the judgment of the court below be affirmed.