LYNCH, administrator, *vs.* KIRBY, administrator.

65 279
106 170
106 171

Where a declaration, in the short form, on a note signed individually, was amended by alleging that a testator's will provided that his estate should be kept together and managed for the benefit of his wife and children; that, in pursuance of such provision, the executrix obtained money from plaintiff, which she used for the benefit of the estate, and gave the note sued on therefor, it was demurrable. Especially is this the case where the cause of action stated in the amendment was barred by the statute of limitations.

Administrators and executors. Contracts. Promissory notes. Before Judge UNDERWOOD. Coweta Superior Court. September Term, 1879.

Lynch, as administrator of Chandler, brought complaint against Kirby, as administrator *de bonis non* of Joseph Bohannan, on a promissory note dated March 6th, 1862, due one day after date to James W. Chandler, or bearer, signed by " E. Bohannan." The original declaration, in the short form, was filed December 27th, 1869. Subsequently, in March, 1877, and September, 1879, plaintiff amended his declaration. The substance of these amendments was that the will of Bohannan directed as follows: That the estate be "kept together and managed for the benefit of my wife and children, as though I still lived with them." That E. Bohannan was executrix. " That, in order to manage said property, and carry on said business and support his family, it was necessary for testator in his lifetime to contract debts for food and clothing for his family and his negroes, for tuition bills, doctor's bills and for stock, that often credit could not be had, and money had to be borrowed and used in purchasing said supplies, etc.

" That said note was given for $500.00, loaned by Chandler, deceased, to Bohannan, as executrix of said estate, and was invested by her in provisions and stock for said estate in accordance with the authority conferred on her

by said will; which said will, by its terms, made said E. Bohannan trustee for the execution of the powers dele-gated to her in the same.   *   *   *

"That in managing said estate, carrying on the business of farming, raising the family of said testator and support-ing his negroes and stock, it was impossible to get along successfully without contracting debts, borrowing money and making notes, and such was the custom of said testa-tor in his lifetime, and he would have done the same had he been placed in like circumstances."

The amendment also set out the property received by E. Bohannan, executrix, and that turned over to Kirby, her successor, and alleged the payment of other like debts and of ten dollars on this note by defendant; and also, that Mrs. Bohannan had turned over everything she had to Kirby as belonging to the estate.

On demurrer the case was dismissed, and plaintiff ex-cepted.

L. R. RAY, for plaintiff in error, cited 25 *Ga.*, 242; 56 *Ib.*, 642; 52 *Ib.*, 487, 500; 56 *Ib.*, 538; 38 *Ib.*, 581.

JOHN S. BIGBY; ORLANDO McLENDON, for defend-ant, cited 56 *Ga.*, 396, 309; 25 *Ib.*, 240; 57 *Ib.*, 260; 39 *Ib.*, 130; 61 *Ib.*, 256; 49 *Ib.*, 355.

WARNER, Chief Justice.

On December 27th, 1869, the plaintiff brought his ac-tion against the defendant as the administrator of Joseph Bohannan, deceased, on a promissory note for $500.00, dated March 6th, 1862, payable to plaintiff's intestate, due one day after date, and signed by E. Bohannan. On March 12th, 1877, the plaintiff amended his declar-ation alleging that E. Bohannan was the widow and ex-ecutrix of Joseph Bohannan, and that by his will she was directed to keep his property together and manage it for the benefit of his wife and children, as though he still

lived with them, and that the note sued on was given by her as executrix for the benefit of said estate in the due course of her management thereof under said will, and sought to obtain a judgment against the defendant as administrator, upon the note of Mrs. Bohannan, so as to make the estate in his hands to be administered liable for the payment of the note, in the same manner as if a note had been given by a trustee for necessary articles furnished a trust estate. The defendant demurred to the plaintiff's declaration, which the court sustained, and the plaintiff excepted.

There was no error in sustaining the demurrer. In *McFarlin vs. Stinson*, 56 *Ga.*, 396, it was held that an executor cannot bind the estate of his testator by the execution of a note signed by him as executor. The assets of such estate are only bound for the debts contracted by the testator during life. See 39 *Ga.*, 130. In *Gaudy vs. Babbitt*, cited by the plaintiff in error, 56 *Ga.*, 641, it was expressly held that this rule has not been relaxed in this state as to executors, administrators or guardians. Besides, we think the amendment was barred by the act of 1869.

Let the judgment of the court below be affirmed.