PALMER, administratrix, *et al. vs.* MOORE.

1. Express direction in a will to keep the estate together, and carry on farming operations, implies a limited power in the executrix to incur debts on the credit of the estate for needful supplies, etc., as prudent farmers usually do in the management of their own business of like kind.

2. Unless such power be one manifestly confided to the executrix as a personal trust, it is exercisible by an administrator with the will annexed. Under the will now in question, the power was so exercisible.

December 3, 1888.

Wills.    Estates.    Administrators and executors

v 82-12

Powers.    Before Judge Roney.    Burke superior court. June term, 1888.

Reported in the decision.

R. O. Lovett, for plaintiffs in error.

No appearance *contra.*

Bleckley, Chief Justice.

The action was complaint in the short statutory form, by Moore against the two Palmers, one described as administrator, the other as administratrix *de bonis non* with the will annexed of Robert A. Rowland, deceased. The declaration was based on an account, and referred to a copy annexed.    An account was annexed which debited the administrator to the plaintiff, Moore.    The copy of a promissory note was also annexed, signed by Palmer, "Adm'r," and payable to Moore.

It appeared on the trial that Rowland died testate, that his widow qualified and acted as executrix, that after several years she married Palmer, whereby her letters testamentary abated, that letters of administration *de bonis non* with the will annexed were then granted to Palmer, that he contracted the account sued on, and that afterwards the like letters were granted to Mrs. Palmer; so that at the time suit was brought Palmer and wife seemed to have been joint representatives of the testator's estate.    It further appeared that the account was correct and was for supplies purchased by Palmer, as administrator, for the use of the estate in carrying on the farms belonging thereto.    On inspection of the items, it is obvious that the supplies were appropriate to the use for which the account was contracted, and it is not contended that they were not so,

or that the amount is excessive, or that the estate did not get the benefit of any of the purchases, the sum total being $183.87. The will of the testator provided and directed as follows:

" I desire and direct that my estate shall be kept together as long as practicable; that is to say, as long as it may be profitable or advantageous. With this view, my executrix shall have full power to manage and control and keep up my farming interest, either by the tenant or wages system, or both, as she may think best. If at any time, however, my executrix should, upon the advice and consultation with her friends, deem it to the best interest of my estate to have a division, then she shall have full power to do so."

The facts not being in dispute, the question of law was submitted to the presiding judge, whether the administrators are liable as such to pay the account. The judge held them liable, and entered judgment against them *de bonis testatoris.* This is the judgment excepted to.

It will be observed that the judge was called upon to decide no question on the pleadings. Both parties treated the declaration as sufficient to bring up the merits. The consent order by which the legal problem was raised and referred to the judge, declares that "the only question in said case is one of law as to the liability of the defendants to pay the debt under the said facts and the will of R. A. Rowland. "

1. It is certainly true, as a general rule, that the representative of an estate, whether executor or administrator, has no power to contract debts and render the assets liable for their payment. The rule is not only well-founded in law, but is sound and wholesome in principle and policy. But we think an express direction in the will of a testator, such as that recited above from the will of Rowland, confers a limited authority to create such debts as would ordinarily be incurred by a prudent farmer in conducting farming operations. It is matter of common knowledge and contemporaneous

Palmer, administratrix, *et al.* *vs.* Moore.

history that farming in Georgia is done chiefly on a credit, and that such has been the current course of business for many years. No doubt, those who deal with executors and give them credit must see to it that they are clothed with power to carry on business in behalf of the estate, and that what is sold to them is appropriate for use in such business, and perhaps also that the amount is not grossly excessive. It is proper, too, in bringing suit against them. to set out the facts which render them liable, just as ought to be done in suing any other trustees where it is sought to obtain judgment binding trust assets. Here, as we have remarked, there is no question of pleading.

2. It is said, however, that granting the executrix had the power to contract debts, it was a personal trust and could not be executed by an administrator with the will annexed. The code, §2440, declares that such administrater " shall have the powers of the executor, except such as manifestly arise from personal trust and confidence placed in the executor named." The duty of keeping the estate together and of managing, controlling and keeping up the farming interest, seems, in the will of Rowland, to appertain to the office of executrix, and could as well be performed by a man chosen by the ordinary as by the widow. Even the discretion of continuing or discontinuing the business might be as soundly exercised. If farming was a business in which it could be supposed the widow had some special skill or tact of management, or some superior judgment in deciding whether to go on with it or suspend it, there would be good reason for treating the power conferred on her as a personal trust, but there is no suggestion in the record on this subject further than what appears on the face of the will. We cannot say that the power in question is such as manifestly arises from personal trust and confidence in the executrix.

On the one legal question submitted, the judge below decided correctly.

Judgment affirmed.