KING *et al. v.* JOHNSON, ordinary, for use.

1. Under section 2545 of the code, an administrator may, in his discretion, without an order of court and without incurring personal liability in case of loss, if he exercises due care and diligence, continue the business of his intestate for the current year in which the latter died; but the term "current year," as used in this section, refers to the calendar year, and not an arbitrary business year fixed by local custom or otherwise. If an administrator, without such order, does continue such business beyond the calendar year, he acts at his own peril, and is chargeable accordingly.

2. A widow who, as administratrix of her deceased husband, paid out funds of his estate to creditors holding claims inferior in dignity to her year's support, did not thereby necessarily lose her right to demand payment of the year's support from her successor in the administration; but its payment must be postponed to the payment of the just claims of creditors still outstanding against the estate when the successor qualified, and which are of equal dignity with, or superior in rank to, the claims which had been paid by herself.

July 29, 1895.

Action on bond. Before Judge HENRY. Floyd superior court. September term, 1894.

FOUCHÉ & FOUCHÉ and REECE & DENNY, for plaintiff in error. H. M. WRIGHT and HOSKINSON & HARRIS, *contra.*

LUMPKIN, Justice.

This case was before this court at the March term, 1894, at which time the sufficiency of certain special pleas filed by the defendants was passed upon. 94 *Ga.* 665. Afterwards there was a trial resulting in a verdict for the plaintiff, and the defendants now bring up for review a judgment overruling their motion for a new trial. The grounds of the motion are numerous, and present, in one form or another, various questions for our consideration. Upon a review of the entire record, we find it necessary to grant a new trial; but without going over all the ground covered by the motion, we have endeavored to condense in the head-notes the legal principles which ought to control at the next hearing.

1. What is the meaning of the term "current year," as used in section 2545 of the code, which provides that an administrator may exercise his discretion in continuing the business of his intestate until the expiration of the current year? Section 5 of the code declares that the word "year" means a calendar year. Ordinarily, then, this is the meaning to be ascribed to this word. We are not aware of any statute varying this meaning in such a case as that now in hand; and therefore we hold that an administrator may, if he sees proper, without an order of court, continue the business of his intestate to the end of the calendar year in which the latter died, but not longer, without an order of court, except at his peril. Debts incurred by an administrator while unlawfully conducting such a business are not proper charges against the estate, but are merely the individual liabilities of the person acting as administrator. If it should be necessary, or to the interest of the estate, to continue the business longer than the calendar year, the administrator should make this appear to the court of ordinary, and obtain the proper order in the premises.

2. When a widow is the administratrix upon the estate of her deceased husband, she is bound, while acting in that capacity, to observe the priorities prescribed by law for the payment of the intestate's debts. She cannot, by doing otherwise, give any legal preference or advantage to creditors holding claims against the estate inferior in dignity to claims held by other creditors. If she pays any claims at all, she ought to see to it that enough money of the estate is left, or will come into her hands, to pay all other claims of equal or superior dignity. If this were not so, it would be within the power of the widow arbitrarily to give preferences positively forbidden by law; and it cannot for a moment be insisted that she has any such power. While a widow's claim for a year's support is a debt of the very highest

dignity against the estate, she may forfeit her right to collect the whole, or some part thereof, by her own mismanagement of the estate's affairs and her failure to comply with her legal duties as administratrix. For instance, if there were a number of open account demands against the estate, and, in advance of paying her year's support, she paid off some of these open accounts, but left herself without means of paying the others, she could not then set up against the latter her claim for a year's support. If, however, there were against the estate demands upon promissory notes and open accounts, she would not, by making payment of the former, deprive herself of the right of insisting upon her year's support as against the holders of the open accounts, because they would in no sense have been injured by the fact that she had made payments upon the notes prior to satisfying her own claim for a year's support. What is said above is supported by the decision of this court in *Churchill* v. *Bee & Co. et al.*, 66 *Ga.* 621. The principles announced are applicable when the widow is succeeded in her office by another, and is seeking to render him, as administrator *de bonis non*, liable for the payment of her year's support.　　*Judgment reversed.*