BRANNON, administrator, *v.* OBER & SONS COMPANY.

Where a testator empowers the executors named in his will to sell privately any property belonging to his estate and to purchase any property "it may be deemed important for [the] estate to own," and further directs them to keep together during the life or widowhood of his wife all of his property except such as they may deem it to the interest of the estate to sell, and that his wife and children shall be maintained and supported

out of the estate while the same is kept together, an administrator de-bonis non with the will annexed has the power to bind the estate by a reasonable contract for supplies necessary to carry on successfully the cultivation of lands of the estate. An action against such administrator, in his representative capacity, upon a promissory note given by him to plaintiff for a debt created for the above purpose, is not demurrable on the ground that the administrator had no authority to bind the estate by such a note.

Argued November 14, — Decided December 14, 1898.

Complaint. Before Judge Littlejohn. Sumter superior court. February 9, 1898.

On January 21, 1896, suit was brought against Brannon, as administrator of the estate of Brown, upon a promissory note dated May 7, 1891, and signed by the defendant as such administrator. By amendment the declaration alleged that Brown died, leaving a plantation and certain heirs, and a will which was duly probated (a copy of which is attached to the declaration). By the terms of the will, the estate was to be kept together until the youngest heir became of age, and certain persons were named as executors, who refused to qualify, and the defendant was appointed administrator with the will annexed, and has, since his appointment as administrator, farmed on said land, and purchased everything necessary to carry on the business of the estate, and the consideration of the note sued on was guano purchased and used for the benefit of said estate, and necessary for the successful operation, maintenance, and administration of the estate. The contract of purchase was made in February, 1890. In said contract the defendant, as such administrator, purchased of the plaintiff ten tons of guano, and the contract of purchase was evidenced by a note between the plaintiff and the defendant as such administrator on May 7, 1891. The guano was necessary to be used on said estate for the successful operation of the same and in carrying out the terms of the will, and was so used.

The defendant demurred to the declaration, because: (1) There was no authority of law allowing him to sign the note as administrator and to bind the estate. Upon the note he only and individually, and not the estate, is liable to the plaintiff. (2) If the estate of which he is administrator is liable for the consideration of the note, the estate would be liable only

on suit brought against it for guano, the consideration of the note, on open account for the same as having been received and used by the estate, and the estate can not be bound on the note as sued on. The court overruled the demurrer, and defendant excepted.

*James Dodson & Son*, for plaintiff in error.
*Hixon & Callaway*, contra.

SIMMONS, C. J. The law as to the right, generally, of an executor or administrator to bind by contract the estate he represents is clearly laid down in the cases of *McFarlin* v. *Stinson*, 56 *Ga.* 396, and *Lynch* v. *Kirby*, 65 *Ga.* 279, relied upon by counsel for plaintiff in error. It is his duty, generally, to wind up the estate within a certain time, to pay creditors and make distribution to the heirs at law. It is therefore held generally that he has no power to bind the estate by contract. Where, however, there is a will, it becomes the law to the personal representative, whether he be executor or administrator de bonis non cum testamento annexo. The testator, if he so chooses, can change the law as to his own estate and give his representative power to continue his business, to make contracts, and to bind the estate. In the present case his will confers, upon the executors named, powers greater than those given by the general law.

It provides and directs that they shall keep together, during the life or widowhood of his wife, all of his property except such as they may deem it to the interest of the estate to sell, directs that the wife and children shall be maintained and supported and the children educated out of the estate so long as the same is kept together, and authorizes the executors to purchase any property it may be deemed important for the estate to own. It seems that the testator was a farmer and supported himself and family by means of farming operations. He therefore, to support and maintain his wife and children, deemed it best to change the general law as to the distribution of his estate amongst his heirs, and directed that it should be kept together and his wife and children supported from the proceeds, authorizing his executors to purchase such property as it was important that the estate should own. This he certainly had a right to do, and in pursuance of this power the administrator

de bonis non cum testamento annexo (the executors having failed to qualify) purchased guano for the use of the estate and gave his note therefor as administrator. It was doubtless for the purpose of increasing the yield of the land cultivated by him, as directed by the will, that he made this purchase. Being authorized by the will to make the purchase, we see no reason why he could not give his note for the purchase-money. The note was simply the evidence of the contract, and, being in writing, was not barred by the statute of limitations until six years from its execution. This same question was considered by this court in the case of *Palmer* v. *Moore,* 82 *Ga.* 177, under a will containing provisions almost identical with those of the will now under consideration. In that case, as in this, there was an administrator cum testamento annexo, and it was held: "Express direction in a will to keep the estate together, and carry on farming operations, implies a limited power in the executrix to incur debts on the credit of the estate for needful supplies, etc., as prudent farmers usually do in the management of their own business of like kind. Unless such power be one manifestly confided to the executrix as a personal trust, it is exercisible by an administrator with the will annexed. Under the will now in question, the power was so exercisible." The reasoning of Bleckley, C. J., in that case fully covers the points in this, and we will content ourselves with stating it as an authority which, under the facts of the present case, is controlling. The cases cited by counsel for plaintiff in error, supra, as remarked, hold the general doctrine that the representative of an estate can not make a contract binding the estate. The question here decided was not made, or, if made, was not passed upon by the court in those cases. In the case of *McFarlin* v. *Stinson,* supra, the question was not raised at all by the pleadings, and the court simply held that an executor can not, generally, bind the estate of his testator by the execution of a note signed by him as executor. In the case of *Lynch* v. *Kirby,* the suit was on a promissory note, and was filed December 27, 1869. Subsequently, in March, 1877, and September, 1879, the plaintiff amended the declaration by reciting that the will of the testator directed that the estate be "kept together and managed

for the benefit of [his] wife and children, as though [he] still lived with them"; that the note was given for money loaned to the executrix and by her invested in provisions and stock in accordance with the authority conferred on her by the will. Warner, C. J., following the case of *McFarlin* v. *Stinson*, announced the same principle, the only reference to the amendment being that it was barred by the act of 1869. Hence we think that these decisions do not conflict with that made in the case of *Palmer* v. *Moore*, supra, or with that now made.

*Judgment affirmed. All the Justices concurring.*