CLARK et al. v. TENNESSEE CHEMICAL COMPANY.

HINES, J. 1. An executor may exercise his discretion in continuing the business of his testator until the expiration of the current year. Civil Code (1910), § 4012. The term, "current year," as used in this section, refers to the calendar year, and not to an arbitrary business year fixed by local custom or otherwise. *King* v. *Johnson*, 96 *Ga.* 497 (23 S. E. 500).

2. Where authority to carry on the business of the testator is plainly conferred upon the executor by the will, he may lawfully exercise the power so conferred; and the estate will be liable for debts incurred by him in good faith in conducting such business under such direction. 24 C. J. 58 [§ 477] c.

(a) Express direction in a will, or one clearly arising from the powers conferred on the executor therein, to keep the estate together and carry on farming operations, implies a limited power in the executor to incur debts on the credit of the estate for such needful supplies as prudent farmers usually procure in the management of their own business of like kind. *Palmer* v. *Moore*, 82 *Ga.* 177 (8 S. E. 180, 14 Am. St. R. 147); *Brannon* v. *Ober & Sons Co.*, 106 *Ga.* 168 (32 S. E. 16); *Wiggs* v. *Hendricks*, 147 *Ga.* 444 (94 S. E. 556).

(b) The provision in a will, to wit: "I wish for my real estate to remain as it is now, and to remain so until Sarah Morris [a daughter] becomes . . twenty-one (21) years of age," is not a direction authorizing the executor to carry on a mercantile business which has been previously conducted by a partnership composed of the testator and the executor; and debts contracted by the executor in the continuance of such business are not binding upon the estate of the testator.

3. Every partnership is dissolved by the death of one of the partners, unless otherwise stipulated in the articles, or in the will of the deceased partner. Civil Code (1910), §§ 3160, 3162. The dissolution of a partnership by death puts an end to all the powers resulting from the partnership to the partners. As to third persons it absolves the partners from all liability for future contracts and transactions, but not for transactions that are past. § 3164. After dissolution, a partner has no power to bind the firm by a new contract, or to renew or continue an existing liability. § 3188.

4. Neither as executor, under the above provision of the will of testator, nor under the powers of a surviving partner, if such he was, could L. F. White lawfully purchase fertilizers in the name of a firm purporting to be composed of testator and his son, to be sold by the firm, of which he was a member, and to give for the purchase-money thereof a note binding the estate of his testator; and such a transaction is a fraud upon the estate and devisees and legatees of the testator.

5. In the absence of fraud or collusion between an executor and a creditor of an estate, a judgment regularly rendered in a court of competent jurisdiction in favor of such creditor is conclusive, as to all matters adjudicated, upon legatees and all other creditors. *Brown* v. *Anderson*, 13 *Ga.* 171; *Barclay* v. *Kimsey*, 72 *Ga.* 725; *Morris* v. *Murphey*, 95 *Ga.* 307 (22 S. E. 635, 51 Am. St. R. 81). The general rule is that a judgment by a competent court concludes the parties to it and their privies, upon all the questions pertaining to the merits of the action, and is of universal acceptation. *Gatewood* v. *City Bank of Macon*, 49 *Ga.* 45.

6. Where a suit is brought against an executor upon a note given under the circumstances stated in headnote 4, and he makes no defense thereto and permits the creditor to obtain a judgment de bonis testatoris, which is sought to be enforced by the levy of an execution upon property of the estate, and the executor is insolvent, a court of equity will enjoin its enforcement and prevent misapplication of the funds of the estate to its payment, upon the ground that such judgment was obtained by fraud and collusion between the executor and the creditor.

7. Applying the above principles, the trial judge erred in dismissing the petition as a whole upon general demurrer.

8. There being no allegation in the petition that the testator's daughter, Sarah Morris, had become of age, at the time it was filed, the petition did not make a case for recovery by plaintiffs of their interest in the real estate of the testator, and the petition was demurrable in so far as it sought such recovery; but this did not furnish a ground for the dismissal of the petition as a whole.

9. The executor was not made a party defendant, and the defendant demurred specially on the ground that he was not made a party. For nonjoinder of the executor, the plaintiffs are not entitled to a judgment for their legacies and devises under the will of testator; and to this extent so much of the petition as sought a recovery of their legacies and devises was subject to demurrer; but lack of such party did not authorize the dismissal of the petition as a whole.

10. We reverse the judgment of the court sustaining the general demurrer to the petition as a whole, with leave to plaintiffs to amend by alleging that the above daughter of testator had become twenty-one years of age at the time it was filed, if such be the fact, and by making the executor a party, so that they can recover the legacies and devises given them in the will of testator in this proceeding.

*Judgment reversed. All the Justices concur.*

No. 6644.  OCTOBER 9, 1928.

252

*Brown & Brown, Clark Ray,* and *W. F. Moore,* for plaintiffs.
*Dorsey, Shelton & Dorsey* and *J. C. Shelor,* for defendants.