*C. L. Cowart,* for plaintiff.    *H. H. Elders,* for defendants.

WHITE *et al. v.* SOUTH SIDE ATLANTA BANK *et al.*

No. 8226.    September 17, 1931.

*Brown & Brown,* for plaintiffs.

*E. L. Reagan* and *O. J. Coogler,* for defendants.

Beck, P. J.   Sometime prior to the filing of the present petition, Mrs. Alf Clark, Coley White, and Mrs. Sarah White Callaway filed in the superior court of Henry County, Georgia, a petition praying for an injunction against W. A. Ward, sheriff of that county, restraining him from selling certain lands which had been levied on by him under and by virtue of an execution issued from that court in favor of Tennessee Chemical Company against L. F. White as executor of the will of M. C. White, deceased, L. F. White individually, Guy White, and Mrs. Emma White.   The land levied on was alleged to be a part of the property of the estate of M. C. White, deceased, petitioners being his children and legatees under

his will. They alleged that they were in no way interested in the Tennessee Chemical Company; that they were interested, under the will, in the property levied on; that they had never received any part of their legacy from White, executor of said will; and they prayed that the sale of said land be restrained until their rights in the property could be determined and protected. This petition was dismissed, and the case was brought to this court for review. The judgment of dismissal was reversed. *Clark* v. *Tennessee Chemical Co.*, 167 *Ga.* 248 (145 S. E. 73). The judgment of this court was made the judgment of Henry superior court, and the case has since been pending in that court.

Recently the same property, with other property belonging to the estate of M. C. White, deceased, was levied on under an execution from the superior court of Clayton County, in favor of the Bank of Rex; and the present petition for injunction was filed "as a part of the original bill already pending and as ancillary thereto," praying that the sheriff, L. D. Hightower, be restrained from selling the land, that a receiver be appointed, that the estate be taken out of the hands of the executor because of his failure to discharge his duties as said executor, and that the estate be administered by the receiver under order of the court. To this petition the South Side Atlanta Bank, as successor to the Bank of Rex, appeared and filed general and special demurrers, which were sustained, and the petition was dismissed. To this order the petitioners excepted.

Without considering the merits of the petition as a whole, it is obvious that the court below did not err in dismissing it. It was brought merely as an amendment to a pending suit, and the plaintiffs sought to have it incorporated in the former suit. It is alleged that petitioners ask that the petition be allowed "as an amendment to the aforesaid described bill, in order that the rights of all parties concerned and interested in said estate can be determined and protected." In another paragraph this language is used: "Petitioners in this amendment to said bill allege," etc. It is obvious that the court did not err in refusing to allow this amendment and in dismissing the petition. It is not competent for the court to join the issue made by the parties in the present case with the issues in the pending suit, and thus consolidate the two cases. "Suits between the same parties, arising under the

same contract, involving the same pleas and upon which the same verdict may be rendered, may be consolidated." Civil Code, § 5520. But it is error to consolidate two or more cases which are not between the same parties and which do not involve the same pleas upon which the same judgment may be rendered. *City of Dalton* v. *Elk Cotton Mills,* 146 *Ga.* 89 (90 S. E. 718). See also *Portwood* v. *Huntress,* 113 *Ga.* 815 (39 S. E. 299). The issues in this case differ in their nature from those involved in the case with which it seeks consolidation, and the parties are different. Therefore the court below did not err in refusing to allow it.

Judgment affirmed. All the Justices concur.