25958, 25998. MARKS *et al. v.* STEINBERG *et al.;* and *vice versa.*

DECIDED MARCH 20, 1937.

*Abram Levy, Nathan Jolles,* for plaintiffs in error.
*Curry & Curry,* contra.

STEPHENS, P. J. Mrs. Belle Marks trading as Marks Manufacturing Company, and Southern Commission Company, as caveators to the award of a year's support set aside by appraisers to Mrs. Elizabeth Steinberg, the widow of Solomon Steinberg, and the minor children of Solomon Steinberg, out of the estate of Solomon Steinberg, filed an appeal to the superior court from the judgment of the court of ordinary setting aside the year's support. The case was tried de novo in the superior court. The case was submitted to an auditor. The auditor's report found in favor of a year's support. The caveators filed exceptions of law and fact to the report, and the case was submitted to a jury on the exceptions of fact on the evidence adduced before the auditor. On September 18, 1934, the jury rendered the following verdict: "We, the jury, award to the minor children of Solomon Steinberg a year's support in the amount and consisting properties and money fixed by the appraisers, subject, however, to the payment of the debts due the caveators." On September 20, 1934, a judgment was rendered accordingly. On October 1, 1934, at the same term of court at which the verdict and judgment were rendered, Elizabeth Steinberg on behalf of herself and the minor children moved to set aside the verdict and judgment, on various grounds alleged as appearing from the face of the record. It was alleged in the motion that the verdict was a nullity, in that no issues of fact were raised to the exceptions to the auditor's report, to be passed on by a jury; that the verdict did not answer any issues of fact raised by the exceptions; that the verdict did not respond to any issues submitted to the jury; that the verdict was ambiguous, indefinite, and could not be the basis of any legal judgment; that the verdict undertook to determine issues not made by the exceptions or the pleadings; that there was no evidence of wrongdoing or fraud on the part of the widow to justify a finding that she was not entitled to a year's support; that so much of the verdict as found the amount awarded as a year's support, "subject, however, to the payment of the debts due the caveators," was mere surplusage and should be stricken from the verdict; that this provision in the verdict was not in response to any issues submitted to the jury, and it was beyond the province of the jury to insert such provision in the verdict; and that the judgment entered on the verdict, which gave effect to such alleged surplus matter,

should on these grounds be set aside. The caveators, who were the respondents in the motion to set aside the verdict and judgment, demurred to the allegations contained in the motion, and moved to strike the motion. The issues thus raised came on to be heard before the court on March 16, 1935. The court took the case under consideration, and on January 3, 1936, rendered a judgment refusing to sustain the motion of the caveators to dismiss the motion to set aside the verdict and judgment, entered a judgment changing and modifying the verdict as rendered, by striking the clause "subject, however, to the payment of the debts due the caveators," set aside the judgment entered by the caveators on the verdict, entered judgment approving the report of the auditor which set apart a year's support as returned by the appraisers to the widow and minor children, with the exception of that provision in the auditor's report and the return of the appraisers which set apart the year's support to the widow, and entered judgment setting apart a year's support exclusively to the minor children of Solomon Steinberg, and not for the benefit of the widow. The court ordered that the verdict as thus modified should read as follows: "We, the jury, award to the minor children of Solomon Steinberg a year's support in the amount and consisting of properties and money fixed by the appraisers." The court ordered that the costs be paid by the caveators.

To the judgment thus modifying the verdict and judgment, and casting the costs on the caveators, the caveators excepted. Mrs. Elizabeth Steinberg, on behalf of herself and the minor children, by cross-bill of exceptions assigned error on certain rulings made on the trial in the superior court before the rendition of the verdict. She excepted to the refusal of the court to dismiss the appeal of the caveators, on the ground that the appeal was a nullity in that it was brought by the caveators jointly and not separately; to the overruling of her motion to dismiss the exceptions of fact filed by the caveators to the auditor's report; to the overruling of her motion, made before the bill of exceptions was certified, to dismiss one of the caveators, Mrs. Belle Marks, as a party to the case, on the ground that it appeared in the brief of evidence attached to the auditor's report and made a part of of it that Mrs. Marks was doing business under a trade-name which she had not registered as required by law. It appears in

the cross-bill of exceptions that "this point was first raised before the auditor, and the auditor refused to dismiss Mrs. Marks as a party plaintiff, and no exceptions were filed to this ruling."

■ The verdict which the widow, for herself and in behalf of the minor children, sought to have set aside was not illegal and void merely on the ground that it contained a provision that the year's support awarded was subject to the claim of the caveators as creditors of the estate. While the right of a widow or minor children to a year's support is superior to certain liens or claims of creditors, it does not necessarily follow that where, on the trial of an issue formed by a caveat to an award by the appraisers, the verdict awarding a year's support provides that the year's support so awarded is subject to the claim of certain creditors, the creditors are thereby given a lien on the property of the deceased, superior to the lien of the year's support, and that this provision in the verdict is for this reason surplusage, and therefore a nullity. Where it appears that the value of the estate out of which the jury awards the year's support is in amount equal to the claims of creditors in excess of the amount which the jury sees fit to award as a year's support, the jury may award a year's support out of the entire estate, with the proviso that the year's support shall be subject to the claims of the creditors. The provision in the verdict that the year's support is subject to the claim of the caveators is not surplusage, and the verdict with this in it is not, on this ground, an illegal verdict. There have been legally sustainable verdicts awarding to a widow a year's support and making it subject to the claims of creditors. *King* v. *Johnson, 96 Ga.* 497 (23 S. E. 500). Therefore it was error for the court to strike from the verdict, on the ground of surplusage, the provision making the year's support subject to the claims of the caveators as creditors. In holding that the verdict is not illegal on the ground that it contains this proviso, we are not holding that the verdict is otherwise a legal verdict, and that it is not subject to being set aside on some other ground affecting its legality.

■ It appears from the record that there were exceptions of fact to the auditor's report, but that the verdict as rendered was a general verdict finding in favor of a year's support for the minor children, and not a verdict finding seriatim for or against each exception of fact to the auditor's report, as is provided in the

Code, § 10-406. For this reason the verdict is illegal. The court should have sustained the motion to set aside the verdict on the ground that it did not answer any of the issues of fact raised by the exceptions to the auditor's report. It was held in *Harris* v. *Lumpkin,* 136 *Ga.* 47 (6) (70 S. E. 869): "The only issues to be determined by a jury on the trial of exceptions of fact to an auditor's report are those made by the exceptions, and the jury must make a finding seriatim on each exception. Where the jury returns a verdict not in compliance with this rule, and the same is inconsistent in its terms, the verdict is contrary to law and will be set aside." The judgment is reversed, with direction that the verdict and judgment be set aside on the ground herein indicated, and that the costs in the superior court on the motion to set aside be taxed against the caveators.

We now pass upon the assignments of error in the cross-bill of exceptions of Mrs. Elizabeth Steinberg for herself and minor children. The court properly overruled her motion to dismiss the appeal of the caveators on the ground that it was a nullity in that it was brought by both caveators jointly, and not separately. The case in the court of ordinary, notwithstanding each caveator filed a separate caveat, was one case. The claimant for a year's support, Mrs. Steinberg, was one party, and the two caveators were the other parties. Either of the caveators was entitled to file an appeal to the superior court. The Code provides: "When there shall be more than one party plaintiff or defendant, and one or more of said parties plaintiff or defendant desires to appeal, and the others refuse or fail to appeal, such party plaintiff or defendant desiring to appeal may enter an appeal under such rules and regulations as are provided in this Code." § 6-110. Also, "Upon the appeal of either party plaintiff or defendant, as provided in the preceding section, the whole record shall be taken up, and all shall be bound by the final judgment." § 6-111. It was stated in *Hesters* v. *Coats,* 32 *Ga.* 448, that a party who does not join in the appeal continues to be a party until final judgment on the appeal. It was held in *Smith* v. *Cooper,* 21 *Ga.* 359, which was a case in which all the parties did not appeal, that "where there are three parties to a case, and the rights and liabilities of each are dependent upon a proper adjustment of the whole litigation, an appeal from a general decree in the case takes

up the entire litigation and all the parties to it." See *Metzger* v. *Steed*, 132 *Ga.* 822 (65 S. E. 117). Where either party, without the other joining, can appeal, and all be bound by the final judgment, it would hardly seem logical to hold that the appeal would be a nullity and therefore would be invalidated because two of the parties filed the appeal jointly. The appeal is good if filed by either caveator. Why is the appeal invalid merely because another of the parties joins in the appeal? Decisions holding that where separate and distinct cases are tried together, although they arise out of the same transaction, the losing party can not join them in one bill of exceptions, are clearly distinguishable.

■ The exceptions of fact filed by the caveators to the report of the auditor presented issues of fact for a trial by jury. The court did not err in overruling the motion of Mrs. Steinberg to dismiss these exceptions.

■ Since the finding of the auditor refusing to dismiss Mrs. Marks, one of the caveators, as a party, on the ground that she had not registered under the trade-name act, was not excepted to, the court did not err in overruling the motion of Mrs. Steinberg to dismiss Mrs. Marks as a party to the case.

There is no merit in any of the assignments of error in the cross-bill of exceptions.

*Judgment reversed, with direction, on the main bill of exceptions; and affirmed on the cross-bill. Sutton and Felton, JJ., concur.*