29153.  HARRIS *v.* O'QUINN *et al.*

DECIDED NOVEMBER 28, 1941.

*W. Glenn Thomas, Joe Thomas,* for plaintiff.

*D. M. Clark, Highsmith & Highsmith,* for defendants.

FELTON, J.  On appeal from the court of ordinary to the superior court the judge of the superior court directed a verdict in favor of a caveat filed by certain heirs of Gordon Long to a creditor's application for letters of administration de bonis non on the estate of the deceased, and entered a judgment thereon to the effect that the creditor applicant was not entitled to be appointed administrator or to have one appointed.  The exception is to the judgment and the direction of the verdict.

In order for the alleged creditor to be entitled to be appointed administrator or to have some one appointed on his application it was necessary that he establish the fact that he was a creditor. This he failed to do.  His alleged claim was a note and a crop mortgage for $125, signed by Mrs. Lanie Long, who we may assume for the sake of argument was at the time the administratrix of the estate, given for the purchase-price of material and supplies bought or to be bought by the administratrix for the purpose of making a crop on the lands of the deceased during the year 1928. Gordon Long died November 17, 1919.  Mrs. Long took the oath as administratrix and gave bond as such in December, 1927.  On March 14, 1928, Mrs. Long petitioned the ordinary for authority to execute a crop mortgage for the purpose of obtaining provisions and supplies for the making of a crop on the lands of the deceased during the year 1928.  Under the ruling in *Johnson* v. *Parnell,* 60 *Ga.* 661, the ordinary has no authority to authorize an administrator to incur an indebtedness on the account of the estate he represents for the operation of the farm of the deceased's estate beyond the calendar year in which the administrator qualified as such. See also Code, § 113-1523; *King* v. *Johnson,* 96 *Ga.* 497 (23 S. E.

500) ; *Clark* v. *Tennessee Chemical Co.*, 167 *Ga.* 248 (145 S. E. 73). Hence the estate in this case was not bound by the note and mortgage. The same created no debt, and the holder of the instruments was not a creditor entitled to be appointed or to have some one appointed administrator of the estate. The creditor contends that the incurring of the debt was authorized by the Code, § 113-1516, which is as follows: "Whenever an executor or administrator has paid all the debts of his decedent and just claims of every sort against the estate held by him, and there are left in his hands assets or property of any kind due to minor heirs, for whom no one applies to be guardian, said executor or administrator may, under the direction of the proper ordinary, apply and pay so much of said minor heirs' estate as may be necessary to the maintenance and education of said minor heirs, as guardians are allowed by law to do, all of which expenditures shall be allowed said executor or administrator in his settlement with such heirs." This contention is not well taken for several reasons, one sufficient reason being that the section only gives the administrator the authority to make an advance to a minor out of the assets of an estate. Clearly the order of the ordinary in this case gave no such authority, and nothing like this was done. Since the holder of the note and mortgage was not a creditor of the estate the court did not err in directing a verdict and entering judgment against the application of the alleged creditor, denying him the right to be appointed administrator himself and that of having some one else appointed.

*Judgment affirmed.* *Stephens, P. J., and Sutton, J., concur.*