### 37264. BURK *v.* HAMMOND.

Decided September 29, 1958—Rehearing denied October 21, 1958.

*Hugh J. Martin,* for plaintiff in error.
*Archibald A. Farrar,* contra.

FELTON, Chief Judge. ■ The court did not err in overruling the general demurrer to the petition. The designation, "As Administrator for C. W. Burk Family", does not denote any legal capacity. Therefore, such designation is superfluous and has no legal bearing on the signature and the note stands on its face as being the individual undertaking of W. B. Burk.

■ For the reasons set out above the allegations contained in paragraph 5 of the defendant's answer are without merit.

The defendant further contends in his answer that at the time he executed the note he was acting as agent for the C. W. Burk estate and that it was the intention of the defendant and the plaintiff, the named payee, that the defendant would not be bound individually but that the obligation would be that of the C. W. Burk estate.

We know of no situation whereby a person can act as an *agent* of an estate. An estate is represented either by an administrator or an executor whose powers in dealing with the affairs of the estate are limited by law and by will if the administration is under a will. Even had the defendant been the administrator of the estate at the time he executed the note and even if he intended that the note not be his personal undertaking

but that of the estate, he does not show authority to execute such a note. An executor or administrator cannot bind an estate he represents by note or by encumbrance without having been given such authority by the testator in a will. See *McFarlin* v. *Stinson,* 56 *Ga.* 396, 397; *Gaudy* v. *Babbitt,* 56 *Ga.* 640; *Lynch* v. *Kirby,* 65 *Ga.* 279; *Howard* v. *Cassels,* 105 *Ga.* 412 (31 S. E. 562, 70 Am. St. R. 44); *Brannon* v. *Ober & Sons Co.,* 106 *Ga.* 168, 170 (32 S. E. 16); *Hughes* v. *Treadaway,* 116 *Ga.* 663, 670 (42 S. E. 1035); *Harris* v. *Woodard,* 133 *Ga.* 104, 108 (65 S. E. 250). The defendant could not make a note as *agent* for the C. W. Burk estate because he was without authority to do so and being without such authority, the obligation was his individual undertaking. Code § 14-220. See, also, *Harris* v. *Woodard,* supra.

The defendant could not even seek a reformation of the note to show that he executed the note as agent of the C. W. Burk estate because he was not authorized to sign the note in such capacity. *Vardeman* v. *Penn Mutual Life Ins. Co.,* 125 *Ga.* 117 (3) (54 S. E. 66, 5 Ann. Cas. 221).

The court did not err in overruling the general demurrer to the petition and in sustaining the demurrers to the answers.

*Judgments affirmed. Quillian and Nichols, JJ., concur.*