38219. RAPER *v.* SMITH.

DECIDED APRIL 5, 1960—REHEARING DENIED
APRIL 28, 1960.

. *Vernon W. Duncan,* for plaintiff in error.

*Raymond Reed, Robert K. Ballew,* contra.

GARDNER, Presiding Judge. We have one question to be determined and that is whether or not the Judge of the Superior Court of Cobb County on appeal erred in overruling the general demurrer to the petition. It is an elementary principle of law in wills and administration of estates that an executor or administrator must observe the priorities prescribed by law for the payment of the deceased's debts. In *King* v. *Johnson,* 96 *Ga.* 497, 498 (23 S. E. 500), this court held: "When a widow is the administratrix upon the estate of her deceased husband, she is bound, while acting in that capacity, to observe the priorities prescribed by law for the payment of the intestate's debts. She cannot, by doing otherwise, give any legal preference or advantage to creditors holding claims against the estate inferior in dignity to claims held by other creditors. If she pays any claims at all, she ought to see to it that enough money of the estate is left, or will come into her hands, to pay all other claims of equal or superior dignity. If this were not so, it would be within the power of the widow arbitrarily to give preferences positively forbidden by law; and it cannot for a moment be insisted that

she has any such power. While a widow's claim for a year's support is a debt of the very highest dignity against the estate, she may forfeit her right to collect the whole, or some part thereof, by her own mismanagement of the estate's affairs and her failure to comply with her legal duties as administratrix." The rulings in that case were supported by extensive citations.

It appears from the *King* case, supra, and also from *Churchill* v. *Bee & Co.*, 66 *Ga.* 621 (7) that even if the ordinary had not expressly modified his judgment in this year's support proceeding the point could have been raised by a suit in equity, an action on the bond of the defendant administratrix, and possibly in other ways. Assuming the judgment setting aside the year's support to have remained unchallenged, the question still remains whether it was entitled to take priority in payment over the debts of the creditors in these actions when the defendant as administratrix, by paying the claims of other creditors of equal or inferior dignity, had waived her right to insist on the priority of her year's support as against these claims. Where, however, it appears that over and above the sum set aside for year's support there remain sufficient assets of the estate to pay the creditors entitled to payment because of the waiver of priority, then the creditors should be paid from such assets aditional to the sum set aside for year's support. *Marks* v. *Steinberg*, 55 *Ga. App.* 561, 564 (190 S. E. 808).

As to the contention of the plaintiff in error that the ordinary had no jurisdiction after the term had ended during which the year's support was set aside to modify his judgment granting the year's support so as to render it subject to certain claims, the ordinary has the same discretion as any other court of record in setting aside judgments during the term at which they are rendered. *Hall* v. *First Nat. Bank of Atlanta*, 87 *Ga. App.* 142 (73 S. E. 2d 252). The term for this purpose is determined by the term at which the petition to set aside is filed, and when filed during the same term the court does not lose discretion in the matter because the issues were set for hearing after the term has expired. *Maxwell* v. *Cofer*, 201 *Ga.* 222, 227 (39 S. E. 2d 314).

A judgment awarding a year's support but making it subject

to the claims of certain creditors is legally sustainable. *Marks* v. *Steinberg,* 55 *Ga. App.* 561, 564, supra.

The court did not err in any of the rulings.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*