## RICHARDS v. SHIELDS et al.

FISH, C. J.  1. The motion made upon the trial of the case, by the defendant below, to dismiss the petition, was in the nature of a special demurrer, and therefore came too late.  Moreover, it was largely speaking in its character.

2. An amendment offered to an answer, which was disallowed by the court, can not be brought to this court as part of the record in the case, but must be brought up as a part of the bill of exceptions, either set out therein, or attached thereto as an exhibit properly identified and made a part of the bill of exceptions.  *McGarry* v. *Seiz*, 129 *Ga.* 296 (58 S. E. 856); *Jones* v. *Norton*, 136 *Ga.* 835 (72 S. E. 337); *Bowen* v. *Neal*, 136 *Ga.* 859 (72 S. E. 340).  The mere fact that such an amendment was filed in the office of the clerk of the court, without an order of the judge allowing it to be so filed, and prior to its disallowance by the judge, does not alter the rule.  *Branan* v. *Baxter*, 122 *Ga.* 224 (50 S. E. 45).

3. After a debtor has been discharged in bankruptcy, a debt unsecured by lien, provable in bankruptcy, and not falling within any of the exceptions specified in the bankruptcy act, can not be enforced in equity by a proceeding in rem against an exemption set apart to the bankrupt in the bankruptcy proceedings, where he pleads his discharge in bankruptcy, and that plaintiff was given due notice of the bankruptcy proceedings, and where there is proof sustaining such plea.  *Bowen* v. *Keller*, 130 *Ga.* 31 (60 S. E. 174, 124 Am. St. R. 164).

(a) This case was of the nature just above indicated.  The defendant pleaded his discharge in bankruptcy after due notice to the plaintiffs. The plaintiffs' debt was evidenced by promissory notes and was unsecured by any sort of lien.  There was nothing to indicate that the debt was not provable and dischargeable in bankruptcy.  The plaintiffs, on the trial, put in evidence the defendant's answer.  It follows that the trial judge erred in rendering a judgment in rem against the property exempted to the defendant in bankruptcy proceedings.

*Judgment reversed.  All the Justices concur.*
AUGUST 17, 1912.

Equitable petition.  Before Judge Edwards.  Douglas superior court.  March 24, 1911.

*J. S. James*, for plaintiff in error.
*Buford F. Boykin* and *James Beall*, contra.