### JOHNSON *v.* VASSAR.

LUMPKIN, J. From the bill of exceptions in the present case the following appears: Upon a demurrer filed to a petition in a bail-trover action the court entered the following judgment: "This demurrer coming on to be heard, and after argument, the same is sustained on each and every ground, with twenty (20) days leave given plaintiff to amend his petition. This January 22, 1914. [Signed] W. D. Ellis, Judge of Superior Court, Atlanta Circuit." The plaintiff, in compliance with this judgment, filed in the clerk's office a paper purporting to be an amendment to the petition, on the back of which appeared the following entry: "Filed in office this 10th day of February, 1914. W. W. Clark, Deputy Clerk." On the 20th day of June, 1914, the defendant made a motion to dismiss the plaintiff's petition, "for that no amendment was had and allowed in compliance with the order" of January 22; and at the hearing of this motion, on June 24, the court passed the following judgment: "This motion coming on to be heard, after argument of counsel, same is denied. George L. Bell, Judge of the Superior Court, Atlanta Circuit." To this judgment the defendant excepted. *Held,* that this was error. A proposed amendment can not properly be so filed as to become a part of the record, until it has been allowed. Merely having it filed will not suffice. It is not a sufficient compliance with an order allowing a party twenty days to amend his pleading, to file a proposed amendment without any allowance thereof. *Richards* v. *Shields,* 138 *Ga.* 583 (75 S. E. 602), and citations.

(*a*) In *Olds Motor Works* v. *Olds Oakland Co.,* 140 *Ga.* 400 (78 S. E. 902), no motion to dismiss, like that in the present case, was involved.

(*b*) If notice to the adverse party of the proposed amendment, and opportunity on his part to object, has not been had before it is presented and allowed to be filed, the rights of the parties might perhaps be preserved by an order allowing an amendment to be filed subject to objection or to demurrer. *Judgment reversed. All the Justices concur.*
JULY 13, 1915.

Trover. Before Judge Bell. Fulton superior court. June 24, 1914.

*Gober & Jackson,* for plaintiff in error. *John W. Cox,* contra.