## MIRAGLIA v. BRYSON, administrator.

HINES, J.  1. The assignment of error in the bill of exceptions being sufficient, the motion to dismiss the same is overruled.

2. The general principle obtains that a court cannot set aside or alter its final judgment after the expiration of the term at which it was entered, unless the proceeding for that purpose was begun during the term. U. S. v. Mayer, 235 U. S. 55, 67 (35 Sup. Ct. 16, 59 L. ed. 129); Alley v. Halcombe, 96 Ga. 810 (22 S. E. 901).

3. There are exceptions to the above rule:

(a)  A party can make a motion to reinstate a case, after the expiration of the term at which the order of dismissal was entered, when he can make. the same excuses for delay as must be shown in making an extraordinary motion for new trial. Austin v. Markham, 44 Ga. 161; Watkins v. Brizendine, 111 Ga. 458 (36 S. E. 807).

(b)  The court at a subsequent term can correct such matters as are reviewable in writs of error coram nobis or coram vobis, for which the proceeding by motion is the modern substitute. U. S. v. Mayer, 235 U. S. 55, 68 (supra).

(c)  Where a plaintiff is dead when suit is dismissed, a motion by an administrator at a subsequent term of the court is the proper form of proceeding to have it reinstated, there being no administration on the estate of the plaintiff in time to make such motion during the term at which the judgment of dismissal was entered.  Armstrong v. Nixon, 16 Tex. 610. This.is so because the judgment rendered under such circumstances is generally a nullity. This case falls within this exception.

4. A suit was filed on June 25, 1918, returnable to the July term, 1918, of Bibb superior court.  Shortly thereafter the plaintiff died.  On January 15, 1919, the judge granted an order, reciting that the plaintiff's death had been suggested of record, and requiring parties to be made by the next term, or the case be dismissed.  Leading counsel for the plaintiff consented to this order.  On April 29, 1919, the case was by order dismissed, because parties had not been made.  On November 3, 1919, an administrator was appointed upon the estate of the deceased plaintiff.  The administrator took his oath of office on December 18, 1919.  He gave bond on October 6, 1920.  On October 18, 1920. he made a motion to set aside the order dismissing this case.  Held, that this court can not say that there was such laches and unreasonable delay as will require a reversal of the judgment of the court below, although several terms intervened between the order of dismissal and the motion to reinstate.

5. This court will not pass upon the question whether the plaintiff's petition set out a good cause of action, and hold that the court should have denied the motion to reinstate because no such action was therein set out, as this matter was not passed upon by the court below.

*Judgment affirmed.  All the Justices concur.*

No.  2505.  FEBRUARY 22, 1922.

Action for specific performance.  Before Judge Mathews.  Bibb

B. S. *Deaver,* for plaintiff in error.

C. H. *Garrett, Walter DeFore,* and J. C. *Estes,* contra.