MAXWELL *v.* COFER *et al.*

No. 15543.   SEPTEMBER 5, 1946.

·*C. D. Colley, Clement E. Sutton,* and *H. E. Combs,* for plaintiff.
*W. A. Slaton,* for defendants.

ATKINSON, Justice. (After stating the foregoing facts.) Under the 3d ground of demurrer which asserts that the petition does not allege "that [the plaintiff's] rights will be affected by such cutting" of the timber; the defendant was entitled to require the plaintiff

to amend her petition so as to allege that the cutting and removal of the timber would reduce the value of the homestead property below the amount of the fi. fa. Otherwise the holder of the fi. fa. would not be injured by the acts complained of. So, without determining the merits of the other grounds of demurrer which the lower court permitted the plaintiff time to file an amendment to meet, it was necessary that the petition be amended.

In the attempt to amend the petition the plaintiff did not comply with the requirements of the law, for the reason that "filing" the amendment without having it "allowed" by the court was not sufficient. *Richards* v. *Shields,* 138 *Ga.* 583 (2) (75 S. E. 602); *Johnson* v. *Vassar,* 143 *Ga.* 702 (85 S. E. 833). Under the order allowing five days to amend the petition in order to meet the demurrer or else the petition "be considered dismissed," upon the failure to comply therewith the petition became automatically dismissed. *Clark* v. *Ganson,* 144 *Ga.* 544 (87 S. E. 670); *Speer* v. *Alexander,* 149 *Ga.* 765 (102 S. E. 150); *Humphries* v. *Morris,* 179 *Ga.* 55 (175 S. E. 242); *Smith* v. *Atlanta Gas-Light Co.,* 181 *Ga.* 479 (2) (182 S. E. 603); *Howell* v. *Fulton Bag & Cotton Mills,* 188 *Ga.* 488 (4 S. E. 2d, 181). In such cases, where the judge in effect orders a dismissal unless amended within a specified time, the dismissal becomes automatic when not amended by the end of the time specified in the order. *Peyton* v. *Rylee,* 191 *Ga.* 40, 43 (11 S. E. 2d, 195).

In the instant case, when the five days expired and no proper amendment had been allowed and filed, the case therefore became dismissed. Where not based on a jury verdict, courts of record retain full control over their own orders and judgments during the term in which they are entered, as such orders and judgments remain "in the breast of the court." *Grogan* v. *Deraney,* 38 *Ga. App.* 287, 290 (143 S. E. 912); *Schofield's Sons Co.* v. *Vaughn,* 40 *Ga. App.* 568 (150 S. E. 569). "The general principle obtains that a court can not set aside or alter its final judgment after the expiration of the term at which it was entered, *unless the proceeding for that purpose was begun during the term.*" (Italics ours.) *Miraglia* v. *Bryson,* 152 *Ga.* 828 (2) (111 S. E. 655); U. S. *v.* Mayer, 235 U. S. 55, 67 (35 Sup. Ct. 16, 59 L. ed. 129), and cit.

The record discloses that this case was filed February 25, 1946, returnable to the May, 1946, term of court. The demurrer was

filed and the order upon the demurrer, which allowed five days for amendment, was signed April 15, 1946. The petition to vacate the order granted upon the demurrer, and praying that the amendment filed in response thereto be allowed, was submitted to the court April 29, 1946, and an order directed to the attorney for the defendants to show cause why the prayers should not be granted was dated and served the same day, and filed May 1, 1946. The date for the hearing of said motion, as stated in the order, was May 6, 1946, which was the first day of the May term of Wilkes Superior Court.

In the order dated May 10, 1946, denying and overruling the motion, the order assigns as a reason therefor that the judge "lost jurisdiction, . . has now no discretion in the matter, and . . the within motion is hereby overruled because of lack of jurisdiction in the court to entertain it."

We think that the trial judge erred in his interpretation of the status of this case, as he did have jurisdiction to exercise his discretion and determine the merits of the petition. The Superior Court of Wilkes County is held on the first Mondays in February, May, August, and November. This case was filed on February 25 and was returnable to the May term. The ruling on the demurrer, the motion to vacate that ruling, an order setting a time for the hearing, and service thereon upon the opposite party, had all transpired prior to the beginning of the May term. The only thing extending into the May term was the date set for the hearing, which was May 6, the first day of that term. Whether the February term was still in session, or whether the rulings of the court had been made in vacation or at chambers, the court, at least, had power over its judgments throughout the period of time in which the February term could have remained in session. See, in this connection, *Deen* v. *Baxley State Bank,* 192 *Ga.* 300 (15 S. E. 2d, 194), which is very similar to the one now under review. Nor does the fact that the date set for the hearing was the first day of the May term divest the court of jurisdiction then to set aside or alter its previous judgment, for the reason that proceedings so to do were begun during the same interim between courts as that in which the judgment sought to be vacated was granted. This creates an exception to the general rule as pointed out in *Miraglia* v. *Bryson,* supra.

228

We express no opinion as to the merits of the petition to vacate the judgment, as this is a question for the discretion of the trial judge; but under the foregoing rulings it is the right of the plaintiff to invoke a ruling thereon.

Accordingly, the court erred in not passing upon the merits of the petition to vacate; and also in granting the motion of the defendants to dismiss the petition and revoke the restraining order, which latter order was also predicated upon the theory that the court had lost jurisdiction of the case.

*Judgment reversed.   All the Justices concur, except*

Duckworth, J., who dissents on the authority of *Jackson* v. *Jackson,* 199 *Ga.* 716(2) ; also because the merits of the motion should be here decided, for, if it was without merit, the trial court should not be reversed irrespective of the reason assigned for the judgment of dismissal.