44695. HINES v. WINGO.

ARGUED SEPTEMBER 2, 1969—DECIDED OCTOBER 27, 1969— REHEARING DENIED NOVEMBER 10, 1969—

*Powell, Goldstein, Frazer & Murphy, David R. Aufdenspring,* for appellant.

*Neely, Freeman & Hawkins, Robert L. Cowles,* for appellee.

BELL, Chief Judge. ■ The Civil Practice Act applies to all courts of record. *Code Ann.* § 81A-101. The Civil and Criminal Court of DeKalb County is a court of record. Ga. L. 1968, p. 2928. *Code Ann.* § 81A-112 (a) provides that a defendant shall serve his answer within thirty days, "unless otherwise provided by statute." The practice and procedure in the Civil and Criminal Court of DeKalb ·County "shall be and remain the same as that now in vogue in the justice courts of Georgia." Ga. L. 1951, pp. 2401, 2404, 2405; Ga. L. 1962, pp. 3227, 3228. In justice courts the summons will specify the appearance and answer date. *Code* §§ 24-1102, 24-1401. Accordingly, as it is otherwise specifically provided by statute, *Code Ann.* § 81A-112 (a) does not apply to the Civil and Criminal Court of DeKalb County. The defendant was therefore in default on March 4, 1969.

■ Opening a default as a matter of right under the amendatory Act (Ga. L. 1968, p. 2928), is conditioned upon the payment of costs. As it appears from the record that defendant has not paid the costs, he is not entitled to open the default as a matter of right. *Miller v. Phoenix Mut. Life Ins. Co.,* 168 Ga. 321 (3) (147 SE 527).

■ It is reflected in the record of this case that the default was also opened by the court as an act of discretion. A 1960 statute pertaining to that court provides that "In any case in default, upon motion made, the judges, in their discretion, shall have the right to open said default judgment during the term in which said default judgment was entered. Such discretion shall not be limited to a legal showing by movant." Ga. L. 1960, pp. 2166, 2170, 2171. The 1968 statute is silent and therefore not in conflict with that of 1960 as to the opening of a default under the discretionary powers of the court. There was no express repeal. Repeal by implication is not favored by the law and results only where the later Act is so repugnant to the former and so inconsistent with it that the two cannot stand together, or where it is manifestly intended to cover the same subject matter and to operate as a substitute for it. The intention to repeal must be plain and unmistakable. *State Bd. of Educ. v. Bd. of Educ. of Richmond County,* 190 Ga. 588, 592 (10 SE2d 369) ; *Geeslin v. Opie,* 220 Ga. 53, 56 (136 SE2d 720). It follows that the opening of the default in this case as a matter of discretion by the judges of the Civil and Criminal Court of DeKalb County was authorized.

■ Plaintiff contends that even if the discretionary portion of the 1960 Act is valid, the trial court did not abide by the express terms of the statute as the default, entered in the March term, was not opened until the April term. However, since the proceedings were instituted to open the default in the March term, the court retained jurisdiction to exercise its discretion. *Miraglia v. Bryson,* 152 Ga. 828 (111 SE 655) ; *Maxwell v. Cofer,* 201 Ga. 222 (39 SE2d 314) ; *Barrett v. Manus,* 219 Ga. 693, 694 (135 SE2d 430) ; *Raper v. Smith,* 101 Ga. App. 557, 559 (115 SE2d 234), reversed on other grounds, 216 Ga. 326 (116 SE2d 554).

*Judgment affirmed. Eberhardt and Deen, JJ., concur.*