25672. FRASER v. MOOSE et al.

SUBMITTED MARCH 9, 1970—DECIDED APRIL 9, 1970.

*Robert E. Andrews,* for appellant.

*Telford, Wayne & Stewart, Joe K. Telford, Smith & Smith, C. E. Smith, Jr.,* for appellees.

FELTON, Justice. Since it appears from the allegations of the appellees' answer and counterclaim to Ralston Purina Company's action and their own third-party complaint that appellant Fraser professed to act as agent of Ralston Purina Co., the acts of appellant alleged in the above pleadings were the acts of that

company as his disclosed principal, regardless of the form in which he acted. *Code* § 4-304. Thus, the appellees' allegation in their third-party complaint, that appellant was acting both as a principal and as agent for Ralston Purina, was ineffectual as a matter of law to show such a dichotomy of his actions.

By the appellees' voluntary settling of Ralston Purina's contract action against them on the note and allowing judgment to be entered thereon against them unappealed from, the invalidity of all of appellees' defenses to the note was thereby established. Since the crux of their defenses was the acts of the plaintiff company's agent, the appellant, which acts were as a matter of law those of the plaintiff principal, there remained no basis for a third-party claim either against the agent or against the agent and his principal jointly, arising out of these same acts. The appellees, having aided in procuring the court's judgment incorporating their voluntary settlement of the issues with the principal, were estopped thereafter to question or complain of the legal effect of the judgment thus invoked, or to make an inconsistent claim against that principal's agent, the appellant, by changing tactics and by procuring a judgment against the agent alone, on a derivative complaint wherein a joint judgment was sought against the plaintiff principal and the appellant. See *Saturday v. Saturday*, 224 Ga. 236, 239 (161 SE2d 509) and cit.

Moreover, even if the third-party complaint could be construed as alleging liability for acts done independently of the agency, nevertheless it still could not be maintained, since the court had no jurisdiction of the nonresident third-party defendant and "there is no sound basis for allowing a third-party claim to support an original action of which the court would not have jurisdiction otherwise." 6 Cyclopedia of Federal Procedure 96, § 17.17; 1A Barron & Holtzoff, Federal Practice and Procedure (Rules Ed., Wright), p. 664, § 426.

Since the third-party claim was necessarily adjudicated against the appellees as a matter of law by the judgment against them in the plaintiff's action, it was not necessary either expressly to include in said judgment the third-party defendant by name or to make the express determination therein which is provided by

*Code Ann.* § 81A-154 (b) (Ga. L. 1966, pp. 609, 658) for situations wherein fewer than all of the claims presented are adjudicated. Under the facts and conclusions of law hereinabove stated, the appellant could not be held to have been negligent in failing to contest the third-party complaint, which failed to state a claim against him.

Since the third-party claim was correctly adjudicated against the appellees, it follows that the default judgment on the third-party complaint was a nullity and should have been set aside by the trial court pursuant to the appellant's complaint in equity.

*Judgment reversed. All the Justices concur.*