45251. ELECTRO-KINETICS CORPORATION v. WILSON.

PANNELL, Judge. 1. The Civil Practice Act is a general law of this State and applies to all courts classified as courts of record in this State (Ga. L. 1966, pp. 609, 610; *Code Ann.* § 81A-101). The Civil and Criminal Court of DeKalb County is a court of record. Section 3 of the Act of 1968 (Ga. L. 1968, pp. 2928, 2932). Compare *DeKalb County v. Deason,* 221 Ga. 237 (144 SE2d 446), decided prior to the Act of 1968. The Georgia Civil Practice Act, being a general law relating to that classification of courts known as courts of record must necessarily be controlling over any special law applicable to a particular court of record in a particular locality in conflict therewith. Art. I, Sec. IV, Par. I of the Constitution of the State of Georgia (*Code Ann.* § 2-401). It follows, therefore, that the Civil Practice Act, relating to defaults, and to the matters of practice, which may be in conflict with the special Act, as amended, creating the Civil and Criminal Court of DeKalb County must be applied here rather than the provisions of the local Act.

2. Section 55 of the Georgia Civil Practice Act (*Code Ann.* § 81A-155) provides: "(a) Default judgment.—If in any case an answer has not been filed within the time required by this Title, such case shall automatically become in default unless the time for filing the answer has been extended as provided by law. The default may be opened as a matter of right by the filing of such defenses within 15 days of the day of default upon the payment of costs. If the case is still in default after the expiration of such period of 15 days, the plaintiff, at any time thereafter, shall be entitled to verdict and judgment by default, in open court or in chambers, as if every item and paragraph of the petition were supported by proper evidence without the intervention of a jury, unless, the action is one ex delicto or involves unliquidated damages, in which event the plaintiff shall be required to introduce evidence and establish the amount of damages before the court without a jury as to actions ex contractu, and before a jury as to actions ex delicto with the right of the defendant to introduce evidence as to damages and the right of either to move for a new trial in respect of such dam-

ages. An action based upon open account shall not be considered one for unliquidated damages within the meaning of this section. (b) Opening default.—At any time before final judgment, the court, in its discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of a plea or for excusable neglect or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and announce ready to proceed with the trial."

The language of this section relating to the automatic default upon failure to answer or plead within the time required is substantially the same as the former practice applying solely to the superior courts. See *Code Ann.* § 110-401 (Ga. L. 1953, Nov. Sess., pp. 440, 451). Upon an application of the above Code sections to the facts of this case, when counsel stipulated and agreed that the answer be withdrawn and dismissed, the case automatically became in default (*Jones v. North American Life Ins. Co. of Chicago,* 46 Ga. App. 647 (1) (168 SE 923); *Young v. John Deere Plow Co.,* 102 Ga. App. 132, 136 (115 SE2d 770)), and the motion to open the default being based upon an affidavit which stated no grounds therefor, there was no error in overruling the motion and in refusing to open the default for the purpose of permitting the filing of a compulsory counterclaim, the late filing of which is permitted only as an amendment to pleadings already of file. Section 13 (f) of the Georgia Civil Practice Act (*Code Ann.* § 81A-113 (f)).

Whether, in the absence of default, there would have been an abuse of discretion in refusing to permit the late filing of a compulsory counterclaim, we do not decide.

*Judgment affirmed. Jordan, P. J., concurs. Eberhardt, J., concurs specially.*

SUBMITTED APRIL 7, 1970—DECIDED JULY 7, 1970.

*Alston, Miller & Gaines, Robert G. Holt,* for appellant.

*M. H. Blackshear, Jr.,* for appellee.

EBERHARDT, Judge, concurring specially. I agree with the judgment of affirmance, but see *Hines v. Wingo,* 120 Ga. App. 614 (3) (171 SE2d 905) relative to the practice obtaining in the Civil and Criminal Court of DeKalb County.

I agree that the ground for opening the default to allow the filing of a counterclaim, as set out in the affidavit attached to the motion, that defendant was unaware of the provision of the CPA relative to compulsory counterclaims, was wholly insufficient. The record in *Ga. Hwy. Express Co. v. Do-All Chemical Co.,* 118 Ga. App. 736 (165 SE2d 429) discloses that a default had been allowed to occur in an attachment proceeding because of ignorance of the provisions of Ga. L. 1962, p. 520, amending *Code* § 8-601 so that the appearance date for the filing of the declaration is 30 days after the filing of the attachment. And compare *Jordan v. Clark,* 119 Ga. App. 18 (1) (165 SE2d 922).

There was no abuse of discretion in denying the motion to open the default.