45619. ACTION INDUSTRIES, INC. v. REDISCO, INC.

DEEN, Judge. In an action filed on February 27, 1970, in the Civil and Criminal Court of DeKalb County, the defendant Action Industries, Inc., a nonresident foreign corporation, was served under Georgia's Long Arm Statute (*Code Ann.* § 24-113.1 et seq.) by personal service on its president dated March 2, 1970, at its place of business in Elkhart, Indiana. The appearance date specified on the process was the first Monday in April 1970, which was in fact April 6, more than 30 days after the defendant was served.

The motion to quash, denial of which is the subject of this appeal, is based on the fact that under Ga. L. 1968, pp. 2928, 2933, the DeKalb County court "shall have monthly terms beginning on the first Monday of each month. All suits filed must be filed twelve days before the beginning of the term"; that there is no time limit set in the Long Arm Statute for out-of-State service, which is immaterial under *Code Ann.* § 81A-112 (a) allowing the defendant 30 days from date of service, but that applying the rules of the local court where the time for answer runs from the date of filing the petition rather than the date of service, where a minimum of 12 days is provided and service may take most of this time, the application of the provisions of *Code Ann.* § 24-115 is unconstitutional as failing to give the defendant a reasonable time to prepare and file its answer and thereby denies it equal protection of law, citing *Holland Furnace Co. v. Willis,* 222 Ga. 156 (149 SE2d 93). The attack is not against the constitutionality of the statute but against its unconstitutional application in the court in question. As to local defendants, it has been held that the Civil Practice Act will take precedence over local acts or rules in all courts of record (*Electro-Kinetics Corp. v. Wilson,* 122 Ga. App. 171 (176 SE2d 604) but that the provisions of *Code Ann.* § 81A-112 (a) do not apply to the Civil and Criminal Court of DeKalb County. *Hines v. Wingo,* 120 Ga. App. 614 (1) (171 SE2d 905). In a constitutional attack made in an action by a nonresident defendant in the City Court of Macon who was served by services on the Secretary of State with process forwarded by mail it was held in *Hines,* supra, that although in fact the defendant had notice 19 days prior to the time for filing defensive pleadings "no applicable law guaranteed appellant a reasonable time within which to prepare and file a defense after service of process upon the Secretary of State" and that this was a violation of due process. The question would be squarely before us as to application only if the time for answer which the defendant had under the rules of the Civil and Criminal Court of DeKalb County (now the State Court of DeKalb County) was shown to be less than the time it would have had had the defendant been sued in a superior court of this State. However,

under Ga. L. 1951, pp. 2401, 2405 (which was not repealed by Ga. L. 1968, p. 2928, by the addition of Sec. 11 B (b)) it is provided: "Each action shall be filed and summonses issued thereon not less than 12 days prior to the first day of the particular term to which the same is brought; and summons thereon shall be served not less than 9 days prior to the first day of the term to which said action is brought; provided that service effected too late for a particular term shall be good for the next succeeding term." This action was filed on February 27 and was thus returnable to the April term which commenced on April 6. Having been served on March 2, it allowed the defendant more, not less, than he would have been entitled to under general law. Therefore, the application of the local statutory practice rule is never a denial of due process in the DeKalb County Court when the action is filed less than 12 days from the commencement of the next succeeding term, and the date for answer stated on the process is more than 30 days from the date of service of process.

The trial court did not err in denying the motion to quash service of process.

*Judgment affirmed. Evans, J., concurs. Hall, P. J., concurs specially.*

Submitted September 17, 1970—Decided October 16, 1970— Rehearing denied November 5, 1970—

*Smith, Cohen, Ringel, Kohier, Martin & Lowe, Robert W. Beynart,* for appellant.

*John E. Sacker, Jr.,* for appellee.

Hall, Presiding Judge, concurring specially. In my opinion, the Civil Practice Act (including *Code Ann.* § 81A-112 )is applicable to the State Court of DeKalb County. *Code Ann.* § 81A-112( a) provides that a defendant shall serve his answer within thirty days, "unless otherwise provided by statute." The latter phrase refers to general and not special laws. Our court has two conflicting decisions on this. See *Electro-Kinetics Corp. v. Wilson,* 122 Ga. App. 171 (176 SE2d 604) and *Hines v. Vargo,* 120 Ga. App. 614 (171 SE2d 905). The general intent of the CPA was to "provide a modern, unified system of rules governing civil

actions in the Georgia Trial Courts." Rees, "The Georgia Civil Practice Act of 1966: Preliminary Observations," 2 Georgia State Bar Journal 419. The Civil Practice Act is applicable to "all courts of record." *Code Ann.* § 81A-101. In any event the 1970 General Assembly has the final word on this. See also Ga. L. 1970, pp. 679, 681, "Practice and Procedure, etc. in certain Courts below the Superior Court level," which provides: "The rules of practice and procedure that are applicable to the superior courts of this State shall be the rules which govern practice and procedure of the courts which come under the provisions of this Act."