## A05A1822. GLOVER v. WARE et al.
(624 SE2d 285)

BARNES, Judge.

Annie Laura Glover, the mother and administrator of the estate of Willie Fred Glover, sued Charles Ware, a landscaper, and his business entity, Old BW Landscaping, Inc., for wrongful death after Willie Glover fell off the back of a flatbed truck and was crushed by a mulching machine being towed behind the truck. The trial court granted the defendants' motion for summary judgment based on the exclusive remedy provision of the Workers' Compensation Act, OCGA § 34-9-11 (a). Annie Glover appeals, and for the reasons that follow, we reverse the trial court's grant of summary judgment.

On appeal we review the trial court's grant of summary judgment to determine whether the evidence, viewed in the light most favorable to the nonmoving party, demonstrates a genuine issue of material fact. Summary judgment is proper only when no issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Preferred Real Estate Equities v. Housing Systems*, 248 Ga. App. 745 (548 SE2d 646) (2001). Further, when ruling on a motion for summary judgment, a court must give the opposing party the benefit of all reasonable doubt, and the evidence and all inferences and conclusions therefrom must be construed most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843) (1988). On motions for summary judgment, however, courts cannot resolve the facts or reconcile the issues. *Fletcher v. Amax, Inc.*, 160 Ga. App. 692, 695 (288 SE2d 49) (1981). When reviewing the grant or denial of a motion for summary judgment, this court conducts a de novo review of the law and the evidence. *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997).

The evidence submitted with the motion for summary judgment and the opposition to the motion shows that Willie Glover lived in a trailer on defendant Ware's farm, and received Social Security disability insurance that was paid to Ware on Glover's behalf. Ware explained that he grew up with Glover, helped him get on disability, and offered him a place to live after his father died. He took care of all of Glover's needs, including food, shelter, clothing, and spending money, the cost of which exceeded Glover's monthly disability payments. Although he was only two years older, Ware said he was a kind of father figure to Glover.

Ware owns Old BW Landscaping, a small business that mainly worked for municipalities and the state doing erosion control and grass seeding. One of the contract requirements for state and city jobs was that Ware had to maintain general liability insurance, workers' compensation insurance, and vehicle insurance.

On the day of the accident, Glover drove or rode in a company van to Ware's job site. Ware said Glover did not accompany him as an employee but was only along for the ride. When one of Ware's crew did not show up, Ware asked Glover if he would help out, and Glover agreed. The two men did not discuss compensation, nor had Glover ever worked for Ware before. While Ware drove the flatbed truck, three men, including Glover, moved bales of hay from the truck bed onto the conveyor of the mulching machine, which another man was operating. As Ware started up a gentle slope at a rate of one to two miles per hour, Glover lost his balance and fell off the back of the truck. The mulching machine ran over him as the crewmen yelled to Ware to stop the truck. Emergency medical personnel were called to the scene, but Glover was pronounced dead shortly after he arrived at Grady Hospital.

After the incident, Ware contacted his workers' compensation insurance carrier. An investigator met with Ware, and after making revisions in earlier drafts, Ware admitted that he signed the following statement:

> To Whom It May Concern: I, Charles William Ware, owner and operator of Old B. W. Landscaping, Inc. located at 6717 Magnolia Park Drive, Norcross, GA 30093 state that on the date of the incident, Mr. Glover was directed by Old B. W. Landscaping, Inc. foreman, Charles Ware, to cut strings off the bale hay in performing mulching of about one acre. Fred J. Glover is not an employee of Old B. W. Landscaping, Inc. but was asked to perform the duty described. No form of monetary values were exchanged for the services performed on that date.

Glover's family subsequently filed a workers' compensation claim, seeking death benefits. The record contains a letter from a law firm representing the carrier which states the carrier's intention to controvert the claim because Glover was not an employee, although neither Ware nor his current lawyer admitted ever seeing the letter before. The only other information in the record regarding the outcome of this claim comes from plaintiff's counsel in oral argument, where he states that the workers' compensation claim "disappeared" based on Ware's statement.

The record also contains a medical examiner's report stating that Ware said Glover was not an employee, but this report is inadmissible hearsay. *Achor Center v. Holmes*, 219 Ga. App. 399, 401 (1) (465 SE2d 451) (1995). Ware's informal settlement agreement with Occupational Health and Safety Administration, however, for the safety

violation of not having a restraining system such as guard rails to prevent such falls, is properly before us.

Glover contends that the trial court erred in granting summary judgment to Ware, enumerating six material issues of fact for a jury to resolve. The question of whether a person is an employee is one of fact. *Goolsby v. Wilson*, 150 Ga. App. 611, 612 (1) (258 SE2d 216) (1979). Ware admitted signing a statement for the workers' compensation insurance company's investigator stating that Glover was not his employee. He explains in his deposition that the investigator asked about Ware's payroll records and other documentation regarding Glover's employment, and it was in response to those questions that Ware said Glover was not an employee. He contended that the statement he signed was "inconsistent with the truth," but that he signed it because he hired the insurance company to protect his landscaping business and he thought the investigator was acting in his best interest when he asked him to sign.

In its brief, the defense does not really address Ware's statement, but argues that Glover met the definition of an employee under OCGA § 34-9-1 (2). That subsection provides that " '[e]mployee' means every person in the service of another under any contract of hire or apprenticeship, written or implied, except a person whose employment is not in the usual course of the trade, business, occupation, or profession of the employer." Ware contends that Glover was an employee because he was subject to Ware's orders and control, and Ware could have discharged him for disobedience or misconduct. On the other hand, the evidence shows that Ware always held a position of authority over Glover as his de facto guardian, receiving his disability checks and doling out money to Glover as well as going so far as to make Glover choose whether to keep drinking alcohol or driving a car, and taking away his car when Glover chose to keep drinking. The evidence does not, as a matter of law, show that Ware's authority over Glover constituted the authority of an employer over his employee.

This situation is unusual, and none of the reported cases directly apply. Based on Ware's earlier statement to his workers' compensation carrier that Glover was not his employee, and based on Ware's unusual relationship with Glover as the payee of his disability check and his guardian, this case presents genuine issues of material fact for a jury to decide. Therefore, the trial court erred in granting summary judgment to Ware.

Because the issue has not been raised by the parties, we do not address whether the doctrine of judicial estoppel applies in this case. See *IBF Participating Income Fund v. Dillard-Winecoff, LLC*, 275 Ga. 765, 766 (573 SE2d 58) (2002); *Smalls v. Walker*, 243 Ga. App. 453, 456 (1) (532 SE2d 420) (2000).

*Judgment reversed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED DECEMBER 9, 2005.

*Peter A. Law, Ernest M. Moran, Jeff S. Klein*, for appellant.
*William R. Youngblood*, for appellees.