# WHOLE COURT

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/**

**March 28, 2013**

# In the Court of Appeals of Georgia

A12A2415. GEORGIA GOVERNMENT TRANSPARENCY AND CAMPAIGN FINANCE COMMISSION et al. v. STATE MUTUAL INSURANCE COMPANY et al.

ANDREWS, Presiding Judge.

The Georgia Government Transparency and Campaign Finance Commission (formerly the Georgia State Ethics Commission) appeals from an order issued by the Fulton County Superior Court ruling that the expiration of the applicable statute of limitation barred the Commission's preliminary investigation into whether reasonable grounds existed to believe that State Mutual Insurance Company and Admiral Life Insurance Company made contributions to an election campaign for public office in violation of the Ethics in Government Act (the Act) (OCGA § 21-5-1 et seq.). For the reasons which follow, we find that the Court had no jurisdiction to issue the ruling because it was entered after a final order entered in the case at a prior term of the

Court. Accordingly, the Court's ruling on the statute of limitation was null and void and must be vacated.

This appeal arises from a preliminary investigation initiated by the Commission based on its finding of probable cause to investigate contributions made in 2008 by the above-stated insurance Companies to a political action committee which contributed to the campaign of former Georgia Insurance Commissioner, John Oxendine, for the office of Governor of Georgia. During the pendency of the Commission's investigation into possible violations of the Act, the Companies filed a complaint on May 28, 2010, in the Fulton County Superior Court.[1] The complaint sought a declaration that the Commission lacked authority under the Act to proceed with the preliminary investigation of the Companies, and sought temporary and permanent injunctive relief barring the Commission from proceeding with the investigation and barring the issuance of subpoenas pursuant to the Act in support of the investigation. After a hearing, the Court entered an order on July 16, 2010, captioned as its "Final Order" in favor of the Commission. With respect to the

---

[1] In addition to naming the Commission as a defendant in the superior court action, the former chairman of the Commission, James C. Gatewood, and a former member of the Commission, Patrick N. Millsaps, were named as defendants in their official capacities. All three defendants brought this appeal and are collectively referred to in this opinion as the Commission.

2

requested declaratory and injunctive relief barring the Commission's investigation and subpoenas issued under the Act, the Court's order denied temporary injunctive relief and further ruled that: "Having considered the pleadings, motions, arguments, the entire record and applicable law, the Court finds OCGA [§] 21-5-6 (a) (5) specifically vests in the State Ethics Commission the power to find probable cause to initiate hearings and similarly to issue subpoenas in connection with its investigation of possible violations." The Court's "Final Order" also included a statement that the Clerk of the Court was "ordered to reflect upon the record that this case is now 'inactive' and 'disposed.'"

After the Court entered the July 16, 2010 final order, the Companies filed a pleading on August 2, 2010, denominated as a motion for a new trial. Although called a motion for new trial, the motion asked the Court to reconsider legal rulings in the final order and to expressly rule in favor of the Companies on all the issues including declaratory and injunctive relief. Without any ruling on the motion, the investigation recommenced before the Commission, and on or about March 2011 the Companies for the first time raised a statute of limitation defense before the Commission. On March 1, 2011, the Commission issued an order in the investigation stating that the statute of limitation issue raised by the Companies "is hereby severed from the . . .

3

[investigation proceeding] so that it can be decided by the Fulton Superior Court in its pending action." On April 25, 2011, the Companies filed the Commission's order in the prior Court action, followed by a "Motion for Determination of Applicable Statute of Limitation" filed in the same action on June 7, 2011, by which the Companies sought a ruling from the Court that the statute of limitation applicable to the Commission's investigation had expired and the investigation was barred. On March 27, 2012, the Court issued an order it captioned as the second "final order" in the same action. The second final order, in effect, vacated the final order issued by the Court on July 16, 2010; granted the Companies' June 7, 2011 motion on the statute of limitation; and ruled that the Commission's investigation was barred by the applicable statute of limitation. As to the "motion for new trial" filed by the Companies on August 2, 2010, the second final order ruled that it was granted in part by the Court's ruling on the statute of limitation, and otherwise denied as moot.

The Commission claims that, despite having sought a ruling from the Superior Court on the statute of limitation issue, the Court had no jurisdiction to enter the second final order ruling on the statute of limitation issue first raised by the Companies in the June 7, 2011 motion. We agree that, after entering a final order in

4

the action on July 16, 2010, the Court had no jurisdiction to consider the statute of limitation issue raised for the first time in a subsequent term of the Court.

We conclude that the Court's July 16, 2010 order was a final and appealable judgment in the action which resolved all the issues raised in the Companies' complaint and reflected that the case was disposed of and no longer pending in the Court. See OCGA § 5-6-34 (a) (1). "Whether an order is final and appealable is judged by its function and substance, rather than any magic language." *Rhymes v. East Atlanta Church of God, Inc.*, 284 Ga. 145, 146 (663 SE2d 670) (2008) (punctuation and citation omitted). An order finally adjudicates a pending issue when it does so expressly or by necessary implication. Id. at 146-147; *Fraser v. Moose*, 226 Ga. 256, 258-259 (174 SE2d 412) (1970).

The Court's order was captioned as a "Final Order" and directed that the Clerk mark the case "Disposed." In the order, the Court (1) expressly denied the temporary injunctive relief sought in the complaint, and (2) entered a ruling that by necessary implication denied the remaining declaratory and permanent injunctive relief sought in the complaint. As to declaratory and permanent injunctive relief, the Companies sought an order from the Court: (1) declaring that various portions of the Act showed the Commission lacked statutory authority under the Act to proceed with the

5

investigation initiated on the Commission's probable cause finding, and (2) permanently barring the Commission from proceeding with the investigation and issuing subpoenas pursuant to the Act. As to those issues, the Court ruled that: "Having considered the pleadings, motions, arguments, the entire record and applicable law, the Court finds OCGA [§] 21-5-6 (a)(5) specifically vests in the State Ethics Commission the power to find probable cause to initiate hearings and similarly to issue subpoenas in connection with its investigation of possible violations." By this ruling, the Court clearly decided that the Commission had statutory authority under the Act to proceed with the preliminary investigation it initiated against the Companies on a finding of probable cause, and to issue subpoenas in support of the investigation. By necessary implication, this ruling constituted a denial of the declaratory and permanent injunctive relief sought by the Companies on every ground on which the relief was sought. *Fraser*, 226 Ga. at 258-259; *Rhymes*, 284 Ga. at 146-147. Moreover, the Court's "Final Order" was preceded by a hearing at which the Companies were allowed to put up their entire case, calling witnesses and arguing that the Court should find that the Commission's investigation was outside the authority of the Act and should be enjoined. The Court's rulings, express and by necessary implication, show that the July 16, 2010 order was a final order appealable

6

by a notice of appeal filed within 30 days of the order's entry. OCGA §§ 5-6-34 (a) (1); 5-6-38 (a).

The Companies did not file a notice of appeal from the July 16, 2010 final order, but filed a pleading on August 2, 2010, designated as a motion for a new trial. A valid motion for new trial maintains the trial court's power over its final judgment during the pendency of the motion, and extends the time for filing a notice of appeal until 30 days after the Court's entry of an order granting, overruling, or otherwise finally disposing of the motion. OCGA § 5-6-38 (a); *Bagley v. Robertson*, 265 Ga. 144, 146 (454 SE2d 478) (1995). "A motion for a new trial is a proper means of seeking a retrial or reexamination, in the same court, of an issue of fact, or of some part or portion thereof, after decision by a jury or a decision by the court thereon." *Bank South Mtg., Inc. v. Starr*, 208 Ga. App. 19 (429 SE2d 700) (1993). It is not a proper means to challenge a court's judgment solely on issues of law. Id. at 19-20. Here, the Companies' "motion for new trial" pleading did not challenge factual findings but only the court's legal conclusions. Because the substance of the pleading shows that it sought the Court's reconsideration of legal rulings, it was not a valid motion for a new trial and did not extend the Court's control over the July 16, 2010 final order or the time for filing a notice of appeal. *Pillow v. Seymour*, 255 Ga. 683

7

(341 SE2d 447) (1986); *Houston County v. Harrell*, 287 Ga. 162 (695 SE2d 29) (2010) (motion for reconsideration does not extend the time in which appeal may be filed).

Nevertheless, because the August 2, 2010 motion seeking reconsideration of the Court's July 16, 2010 final order was filed during the same term of the Fulton County Superior Court in which the final order was entered (OCGA §§ 15-6-2 (3); 15-6-19), the motion remained within the breast of the Court, even after the time for appealing the final order expired, and even after the expiration of the term of court. Where not based on a jury verdict, a trial court has inherent power, unchanged by the Civil Practice Act, to change its final judgment during the term of court in which it is rendered. *Maxwell v. Cofer*, 201 Ga. 222, 226 (39 SE2d 314) (1946); *Ammons v. Bolick*, 233 Ga. 324, 325 (210 SE2d 796) (1974). As to change to a final judgment at subsequent terms of court, the general rule is that "a court cannot set aside or alter its final judgment after the expiration of the term at which it was entered, unless the proceeding for that purpose was begun during the [original] term." *Miraglia v. Bryson*, 152 Ga. 828 (111 SE 655) (1922). This is a general common law rule which applies in civil as well as criminal cases. See *Platt v. State*, 200 Ga. App. 784-785 (409 SE2d 878) (1991); *Moon v. State*, 287 Ga. 304, 306 (696 SE2d 55) (2010)

8

(Nahmias, J., concurring). Where no such proceeding is filed during the term in which the final judgment is entered, the trial court has no jurisdiction in the case after the expiration of the term, and any order entered after expiration of the term is null and void. *Robinson v. Kemp Motor Sales, Inc.*, 185 Ga. App. 492, 493 (364 SE2d 623) (1988); *Long v. Long*, 247 Ga. 624 (278 SE2d 370) (1981).

Although the Court retained jurisdiction at subsequent terms of court to consider the August 2, 2010 motion for purposes of changing its July 16, 2010 final order, the Court had no jurisdiction to consider the June 7, 2011 motion for this purpose. The June 7, 2011 motion, which raised the statute of limitation issue for the first time, was filed at a term of court subsequent to the court term in which the July 16, 2010 final order was entered. In the second final order entered on March 27, 2012, which granted the June 7, 2011 motion and changed the July 16, 2010 final order, the Court considered its ruling on the June 7, 2011 motion to be a partial grant of the August 2, 2010 motion. In effect, for the purpose of changing the July 16, 2010 final order, the Court claimed jurisdiction to rule on the June 7, 2011 motion as an amendment to the pending August 2, 2010 motion, which was filed in the original court term and over which the Court retained jurisdiction. But even if the June 7, 2011 motion could be considered an amendment to the August 2, 2010 motion,

9

because the June 7 motion set forth a new reason for changing the final order and was filed after the term in which the final order was entered, the Court had no jurisdiction to consider it as a basis to change the final order. *Matthews v. State*, 295 Ga. App. 752, 753-754 (673 SE2d 113) (2009) (where a motion to change the final judgment was filed during the original court term, new claims added by amendment to the motion during a subsequent term did not give the court jurisdiction to change the final judgment). Because the Court lacked jurisdiction, its ruling on the statute of limitation issue raised in the June 7, 2011 motion was null and void.

In his separate dissent, Judge Dillard argues that, even if the Court's July 16, 2010 order was a final order, and therefore the Court's March 27, 2012 order on the statute of limitation issue was void for lack of jurisdiction, the Court of Appeals should sua sponte invoke the doctrine of judicial estoppel to preclude the Commission from asserting that the Court's order was void. It does not appear that any Georgia appellate court has raised the doctrine of judicial estoppel on its own motion in an appeal, although, where the doctrine was not raised by the parties, we have declined to address it. *Glover v. Ware*, 276 Ga. App. 759, 761 (624 SE2d 285) (2005) ("Because the issue has not been raised by the parties, we do not address

whether the doctrine of judicial estoppel applies in this case.")[2] Judicial estoppel was not raised by a party below or on appeal in this case, nor was it ruled on by the trial court. Assuming, without deciding, that the issue could be invoked sua sponte in a proper case on appeal, judicial estoppel is not available in this case to prevent the Commission from asserting that the Court's March 27, 2012 order was void for lack of jurisdiction. "A final judgment cannot be amended at a subsequent term. . . . Jurisdiction of the subject matter of a suit cannot be conferred by agreement or consent, or be waived or based on an *estoppel of a party to deny that it exists."* *Redmond v. Walters*, 228 Ga. 417 (186 SE2d 93) (1971) (emphasis supplied).

Furthermore, judicial estoppel protects the integrity of the judicial process by preventing a party from manipulating the process to gain an unfair advantage. *Dillard-Winecoff, LLC v. IBF Participating Income Fund*, 250 Ga. App. 602, 602-604 (552 SE2d 523) (2001). Judicial estoppel does not apply because the Commission took no action designed to give it an unfair advantage. In response to the Companies'

---

[2] The Fifth Circuit has concluded it could invoke the doctrine of judicial estoppel sua sponte on appeal in an extraordinary case, but found that, "[a]bsent a flagrant threat to the judicial process, however, we will not disregard the waiver produced by a failure to plead judicial estoppel in conformity with Federal Rule of Civil Procedure 8 (c)." *American Bank v. C. I. T. Constr., Inc.*, 944 F2d 253, 258 (5th Cir. 1991); see OCGA § 9-11-8 (c).

motion to dismiss the Commission's preliminary investigation on the ground that the statute of limitation had expired, the Commission issued an order which assumed that no final order had been entered in the prior Superior Court case, and which severed the statute of limitation issue from the pending preliminary investigation "so that it can be decided by the Fulton Superior Court in its pending action." Although the Commission's order invited the Court to decide the statute of limitation issue, the Commission, which was subsequently represented before the Court by the Georgia Attorney General's office, candidly informed the Court that its July 16, 2010 final order divested the Court of jurisdiction to address the issue, and that the Commission's order erroneously assumed the contrary. The Court rejected the Commission's position and issued a second final order on March 27, 2012, ruling on the statute of limitation issue. The Commission did not attempt to manipulate the process to its advantage, but correctly informed the Court about the effect of the final order and argued that the Court should decline the invitation to rule. Contrary to the dissent, the Attorney General's assertion of the same position on behalf of the Commission on appeal is not "judicial gamesmanship" or "an attempt to play the courts for fools."

*Judgment vacated. Ellington, C. J., and Phipps, P. J., concur. Barnes, P. J., and Doyle, P. J., concur in the judgment only. Dillard and Boggs, JJ., dissent.*

A12A2415. GEORGIA GOVERNMENT TRANSPARENCY AND

    CAMPAIGN FINANCE COMMISSION et al. v. STATE

    MUTUAL INSURANCE CO. et al.


DILLARD, Judge, dissenting.

I join Judge Boggs's well-reasoned and thoughtful dissent. I do so because I agree with Judge Boggs that (1) the trial court's July 16, 2010 order was *not* a final judgment precluding its out-of-term review of the statute-of-limitations issue, and (2) the trial court prematurely ruled on that issue. I write separately to emphasize that even if the trial court's July 16, 2010 order was a final judgment, as the majority maintains, the State should nevertheless be judicially estopped from using the finality of that order as a means of voiding the trial court's March 27, 2012 order and, thus, precluding appellate review as to the merits of that decision.[1]

---

[1] The appellees do not explicitly argue that the State is judicially estopped from asserting that the trial court's judgment is void, but this is of no consequence. It is the duty of an appellate court to invoke judicial estoppel *sua sponte* in appropriate cases because the purpose of the doctrine is "to prevent the perversion of the judicial process" and to "protect the courts rather than the litigants." *In the Matter of Cassidy*, 892 F2d 637, 641 (7th Cir. 1990). As such, judicial estoppel is "an equitable doctrine invoked at the court's discretion." *Richards v. D.R. Horton, Inc.*, __ Ga. App. __, 2013 WL 1197931, *3 (March 26, 2013).

I do not reach the foregoing conclusion lightly. I fully recognize that "courts should exercise special restraint in applying estoppel principles against the government."[2] Nevertheless, it is incumbent upon judges to invoke the doctrine of judicial estoppel in extraordinary cases when the government's actions amount to a "knowing assault upon the integrity of the judicial system."[3] And in my view, that is exactly what the State's conduct amounts to in the case *sub judice*.

But before delving into the admittedly murky waters of judicial estoppel, it is important to begin by noting that the State's jurisdictional "argument" based on the alleged finality of the trial court's July 16, 2010 order is cursory to the point of being nonexistent and includes no citations of authority in support of same. Indeed, the State does not even list the finality of the trial court's July 16, 2010 order as a basis for reversal in its enumerations of error.[4]

---

[2] *Reynolds v. C.I.R.*, 861 F2d 469, 474 (6th Cir. 1988).

[3] *Id.*; *see also New Hampshire v. Maine,* 532 U.S. 742, 749 (121 SCt 1808) (2001) (applying the doctrine of judicial estoppel against a state government).

[4] The State's brief lists the following three enumerations of error: (1) "The trial court erred in ignoring the Commission's own applicable five-year statute of limitations and instead applying an irrelevant 'informant' limitations period under OCGA § 9-3-28"; (2) "The trial court erred in considering a prior ruling in an unrelated case and the Appellant's failure to appeal from such ruling in reaching its decision"; and (3) "The trial court erred in acting without jurisdiction by intervening in a pending administrative case as appellees failed to exhaust their administrative

2

The majority, however, ably takes up the State's cause, holding that the trial court "had no jurisdiction to issue the ruling because it was entered after a final order entered in the case at a prior term of the [trial court]." And I agree with the majority that, absent extraordinary circumstances, a trial court "cannot set aside or alter its final judgment after the expiration of the term at which it was entered, unless the proceeding for that purpose was begun during the [original] term."[5] I also acknowledge that when no such proceeding is filed during the term of court in which the final judgment is entered, the trial court generally has no jurisdiction in the case after the expiration of the term, and any order entered after expiration of the term is null and void.[6] Finally, it is likewise true that a void judgment can usually be attacked at any time.[7]

But while the principles noted *supra* are no doubt well established, they do have their limits. As we recently explained, the doctrine of judicial estoppel will preclude a party from contending that a trial court's order is void when the

remedies and such remedies were adequate."

[5] *Miraglia v. Bryson*, 152 Ga. 828, 828 (111 SE 655) (1922).

[6] *See Long v. Long*, 247 Ga. 624, 625 (278 Ga. 370) (1981); *Robinson v. Kemp Motor Sales, Inc.*, 185 Ga. App. 492, 492 (364 SE2d 623) (1988).

[7] *See, e.g.*, *Bates v. Bates*, 317 Ga. App. 339, 343 (730 SE2d 482) (2012).

3

application of that doctrine is necessary to "protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment."[8] Specifically, the judicial-estoppel doctrine "forbids a party, who has successfully maintained a certain position in a legal proceeding, to assume a contrary position simply because his interests have changed . . . especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him."[9]

And here, the State's conduct is far more egregious than merely assuming a contrary position from one that it took in a prior judicial proceeding.[10] No, in this case, the State *issued its own opinion in a quasi-judicial proceeding that it controlled*, explicitly ruling that the statute-of-limitations issue was to be decided by the trial court in a "pending" judicial proceeding, and directing the very parties they were

---

[8] *Id*. at 344.

[9] *Id.* (punctuation omitted); *see also Goddard v. City of Albany*, 285 Ga. 882, 885 (2) (684 SE2d 635) (2009).

[10] I acknowledge that judicial estoppel may not be used against the State in criminal proceedings, *see Roberts v. State*, 278 Ga. 610, 612 (604 SE2d 781) (2004), but I am unaware of any Georgia appellate case that would preclude this Court from invoking the doctrine of judicial estoppel against the State in a civil proceeding related to actions taken by an administrative agency.

4

investigating to seek resolution of this issue in that forum.[11] But now that the State

has received an unfavorable ruling from the trial court, it wishes to disavow its own

order and engage in a bit of judicial gamesmanship.[12] Suffice it to say, the State's

position is deeply troubling. Indeed, in my view, the State's present attack upon the

validity of the trial court's March 27, 2012 order comes across as "an attempt to play

---

[11] The State Ethics Commission's order provides that "it is hereby ORDERED that the issue of the statute of limitations is hereby severed from the above-styled cases before the Commission, *so that it can be decided by the Fulton [County] Superior Court in its pending action*." (Emphasis supplied). And as the appellees aptly note in their responsive brief, "the judicial procedure below is exactly what the Commission intended." *See also* Ga. Rules & R. 189-2-.08(e) (noting that the Commission may "[p]ostpone findings and any possible penalty for rescheduling and consideration of the matter at a future meeting, *and subject to the taking of any interim action suggested by the Commission as dispositive in lieu of further proceedings*") (emphasis supplied).

[12] The majority takes issue with this characterization of the State's actions, noting its belief that the State "candidly informed the [trial court] that its July 16, 2010 final order divested the [c]ourt of jurisdiction to address the issue . . . ." But having carefully examined the relevant parts of the record, I find the majority's characterization of the State's argument below to be charitable to the point of enabling. The appellees filed the Commission's order severing the statute-of-limitations issue from the ongoing administrative proceeding with the trial court on April 25, 2011, but the first time the State made any argument vaguely resembling that advanced by the majority was on January 17, 2012, at the hearing on the appellees' motion for a determination of the applicable statute of limitations; and even then, the State only did so in passing with no specific citations of authority in support of its argument.

5

the courts for fools, and that is the sort of thing that judges ought not tolerate."[13] It is

the role of the courts to (among other things) serve as a check on governmental

power, not to stand idly by while that power is abused.[14]

For all of the foregoing reasons, I respectfully dissent.[15]

---

[13] *Bates*, 317 Ga. App. at 344.

[14] *Cf. Johnson v. Eisentrager*, 339 U.S. 763, 791 (70 SCt 936) (1950) (explaining that one of the primary purposes of an "independent judiciary" is to serve as a "check on abuses of executive power"); *Perdue v. Baker*, 277 Ga. 1, 13-15 (586 SE2d 606) (2003) (highlighting the applicability of the separation-of-powers doctrine in Georgia).

[15] In responding to this dissent, the majority contends that "judicial estoppel is not available in this case to prevent the Commission from asserting that the [trial court's] March 27, 2012 order was void for lack of jurisdiction," citing *Redmond v. Walters*, 228 Ga. 417 (186 SE2d 93) (1971) in support of this proposition. In doing so, the majority relies upon the highlighted language noted below in Section Two of that opinion:

> *A final judgment cannot be amended at a subsequent term.* The judgment of the trial court on May 20, 1971 awarding the child to the appellee father was a final judgment.
>
> The attempt of the parties at the subsequent term to confer jurisdiction on the trial court to extend the visitation privileges of the mother does not alter the rule. *Jurisdiction of the subject matter of a suit cannot be conferred by agreement or consent, or be waived or based on an estoppel of a party to deny that it exists.* It follows that the trial court had no jurisdiction of this case at the subsequent term of court after its

6

A12A2415. GEORGIA GOVERNMENT TRANSPARENCY AND CAMPAIGN FINANCE COMMISSION et al. v. STATE MUTUAL INSURANCE CO. et al.

BOGGS, Judge, dissenting.

I respectfully dissent because I do not believe that the trial court's July 16, 2010 order was a final order precluding its out-of-term review of the applicability of the statute of limitation. While titled a "final order," the order does not expressly, or by necessary implication, dispose of the companies' claim for declaratory relief.

The issues considered by the trial court were limited to a pending motion for temporary restraining order and a pending motion for contempt (based upon a hearing scheduled by the Commission in alleged violation of a 30-day stay imposed by the

final judgment had been entered. Its order on that date was void.

*Id.* at 418 (citation and punctuation omitted) (emphasis supplied).

Suffice it to say, the foregoing language speaks for itself and in no way supports the majority's contention that judicial estoppel may not be invoked by this Court in the case *sub judice*. It is true, of course, that parties are not at liberty to confer jurisdiction on a trial court when no such jurisdiction exists. It is likewise true that any judgment resulting from such a proceeding would be void as a matter of law. This, however, is a separate and distinct question from whether or not a party who is complicit in bringing about a void judgment is *judicially* estopped from attacking same.

trial court). After noting that "[t]he above-styled action came before the Court on July 8, 2010, for a hearing on Plaintiffs' Motions for Temporary Restraining Order and Interlocutory Injunction . . . and Plaintiffs' Motion for Contempt," the trial court stated in its order that it "finds OCGA § 21-5-6 (a) (5)[1] specifically vests in the State Ethics Commission the power to find probable cause to initiate hearings and similarly to issue subpoenas in connection with its investigation of possible violations." It then expressly denied the companies' pending motions for temporary restraining order, interlocutory injunction, and contempt. The trial court did *not* expressly rule on the companies' claim for declaratory judgment regarding a different Code section, OCGA § 21-5-30.1.[2] Indeed, the order makes no mention of the declaratory judgment action whatsoever.

---

[1] This Code section provides: "The commission is vested with the following powers: . . . To issue subpoenas to compel any person to appear; give sworn testimony, or produce documentary or other evidence."

[2] OCGA § 21-5-30.1 regulates campaign contributions to "elected executive officers" by "regulated entities," such as the insurance companies in this case. OCGA §§ 21-5-30.1 (a) (3) and (a) (5). The Commissioner of Insurance is designated as an "elected executive officer," but the governor is not. OCGA § 21-5-30.1 (a) (3). In their declaratory judgment action, the companies alleged that their campaign contributions to Oxendine's campaign *for governor* were not regulated by OCGA § 21-5-30.1 because it was not a contribution "to bring about the . . . election of an individual to the office of an 'elected executive officer'" under OCGA § 21-5-30.1 (a).

2

Examination of the arguments made during the hearing before the trial court also support the conclusion that the trial court's order is not a final order. The companies' attorney argued that "the subpoenas, as written, were not just overly broad, . . . but they in fact deviated from the Commission's own practice and procedure, and the responses thereto would serve irrebuttable harm on both of my clients . . . . The Rules [of] the Commission . . . do not authorize a subpoena prior to the Commission's finding of probable cause of the occurrence of an ethical violation." He also asserted that his clients could not receive a fair hearing before a "Commission [that] has lost its moral compass, and become no more than a political conduit for the political aspirations and agenda of certain candidates and government officials."[3] During the hearing on the motion, the trial court summarized the issue before it as follows:

> But the question the Court has to consider, is based on the request that you're making and the motion that has been filed, whether there is authority for a subpoena to issue, that the Commission is seeking issue [sic]; and whether based on the arguments you have made, this Court

---

[3] In their motion for a temporary restraining order and interlocutory injunction, the companies asserted that hearings before the Commission should be stopped because two Commission members were linked politically with a rival candidate for governor. The companies argued that a necessary recusal of these two members would result in the lack of a quorum necessary to proceed against them.

finds and believes that your clients would be unable to obtain a fair hearing.

While the order is denominated a "final order" and includes catch-all language at the end directing the clerk of court "to reflect upon the record that this case is now 'INACTIVE' and 'DISPOSED,'" the mere designation of a judgment as final is not controlling. See *Rhymes v. East Atlanta Church of God*, 284 Ga. 145, 146 (663 SE2d 670) (2008). "Whether an order is final and appealable is judged by its function and substance, rather than any 'magic language.'" (Citations and punctuation omitted.) Id. In this case, the substance of the trial court's order shows that it disposed only of the pending motions before it, not the declaratory judgment claim. Additionally, the "motion for new trial . . . and for entry of final judgment" filed by the companies within 30 days of the trial court's ruling points out that the order was not final because it failed to address their claim for declaratory judgment.

Based upon the particular facts of this case, the statements made by the trial court limiting the narrow scope of the issues before it, and the summary of the motions listed as being under consideration in the trial court's written order, I cannot conclude that the trial court's finding regarding the Commission's general subpoena power under OCGA § 21-5-6 (a) (5) necessarily implicates a ruling on an unrelated

4

Code section, OCGA § 21-5-30.1. As the entire declaratory judgment action was not resolved by necessary implication, the superior court's order was not a final order. It was therefore authorized to consider the companies' later request for a ruling on the statute of limitation, an issue which the Commission expressly severed from its own pending actions so that a ruling could be obtained from the superior court.

Having determined that the companies' action was still pending before the trial court, this court should consider the merits of the trial court's ruling. Based upon the record before us, however, it appears that the trial court prematurely ruled on the statute of limitation. While its analysis of the statute of limitation which *would* apply *if* the Commission *were* to seek a penalty from the companies may very well be correct, the record before us demonstrates that the proceedings in the Commission are in the investigatory stage and no penalty has yet been sought. Because the Commission has options other than the imposition of a penalty following an investigation, see OCGA § § 21-5-6 (a) (14) (A) and (B); Ga. Comp. R. & Regs. r. 189-2-.08, this court should vacate the trial court's order finding that the statute of limitation bars the Commission's pending probable cause cases and remand this case for proceedings not inconsistent with our opinion that the declaratory judgment action is still pending below.

I am authorized to state that Judge Dillard joins in this dissent.